Doris McKINNEY, Appellant,

v.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH,
PENNSYLVANIA, Appellee.

No. 2–86–089–CV.

Court of Appeals of Texas,
Fort Worth.

March 10, 1988.

Rehearing Denied April 14, 1988.

Kugle, Stewart, Dent & Frederick and Barry Martines, Fort Worth, for appellant.

Thompson & Knight, and David R. Noteware, Laurie Kratky Dore and Malia A. Litman, Dallas, for appellee.

Before KELTNER, LATTIMORE and FARRIS, JJ.

## OPINION ON MOTION FOR REHEARING

KELTNER, Justice.

This is an appeal from Doris McKinney's worker's compensation case in which the jury found that she did not suffer an injury in the course and scope of her employment with Weber Aircraft (Weber). National Union Fire Insurance Company of Pittsburgh, Pennsylvania (National Union) is Weber's worker's compensation carrier.

We originally issued an opinion on February 4, 1988, affirming the judgment of the trial court. After considering McKinney's motion for rehearing, we withdraw that opinion and judgment and substitute this opinion and judgment.

McKinney brings two points of error. In her first point, she complains of exclusion of part of the deposition testimony of a medical expert. In her second point of error, she complains of the court's admission of Weber's Safety and Health Administrator's testimony over her objection that the witness had remained in the courtroom in violation of "the rule" and that he was not designated as a fact witness in National Union's response to discovery.

We affirm the judgment of the trial court.

McKinney's petition alleged that she incurred an occupational disease while an employee of Weber Aircraft and as a result, became permanently and totally disabled. Her pleadings do not indicate the nature of the occupational disease. However, at trial she contended that during the eleven years of her employment with Weber Aircraft, she was exposed to numerous chemical compounds, which caused her to incur pulmonary and psychophysiological diseases resulting in her total and permanent disability.

In their answers to the first special issue, the jury found that McKinney had not sustained an occupational disease. Based on the response to this special issue, the trial court entered a take nothing judgment in favor of National Union.

In her first point of error, McKinney complains of the exclusion of part of the videotape deposition of Dr. Roger Blair, a neurologist and psychiatrist.

In the two hypothetical questions excluded, Dr. Blair was asked whether McKinney's exposure to toxins at the work place resulted, at least in part, in McKinney's depression.

As a part of each hypothetical, Dr. Blair was asked to assume both the diagnoses and conclusions of Dr. Thomas Kurt, a medical toxicologist, that the toxins had caused "psychophysiological anxiety, stress and depressive reaction...."

Prior to the introduction of Dr. Blair's videotape deposition, National Union pointed out that on cross-examination, Dr. Blair had admitted that he was not familiar with the chemicals to which McKinney was allegedly exposed and could not testify on personal knowledge whether the chemicals were "a cause of her depression."

As a result, National Union objected to Dr. Blair's testimony on two grounds. First, National Union contended that Dr. Blair's opinion was based wholly on hearsay and therefore inadmissible. Second, National Union contended that Dr. Blair demonstrated he was not qualified to render an opinion on causation.

■ At the outset, National Union asks us to refuse to consider this point because the point of error raised by McKinney does not claim that the trial court's action in excluding the evidence was an "abuse of discretion." There is no doubt that the proper standard of review, when reviewing the trial court's decision in excluding evidence because a doctor is not qualified as an expert in a particular area, is that of abuse of discretion. *Bilderback v. Priestley,* 709 S.W.2d 736, 740 (Tex.App.—San Antonio 1986, writ ref'd n.r.e.). However, we decline to rule that the absence of the words, "abuse of discretion," are fatal to McKinney's point of error.

To the contrary, McKinney's first point of error directs us specifically to the error complained of, the point in the record that the error allegedly occurred, and even the point in the record that McKinney claims to have preserved the alleged error. As a result, the point of error is more than sufficient to meet the requirements of TEX.R. APP.P. 74. *Neily v. Aaron,* 724 S.W.2d 908, 912 (Tex.App.—Fort Worth 1987, no writ).

Additionally, we do not have the authority to refuse to consider a point of error merely because of drafting imperfections. Our Supreme Court has recently held that appellate courts cannot refuse to consider a case on the merits for violation of the briefing requirements in TEX.R.APP.P. 74. Instead, we must first give the offending party an opportunity to amend their brief under TEX.R.APP.P. 83. *Inpetco v. Texas American Bank/Houston,* 729 S.W.2d 300, 300 (Tex.1987). Therefore, we decline to overrule McKinney's first point of error merely because she does not mention the term "abuse of discretion" in the point of error.

■ However, a second procedural problem is more troublesome. As stated above, the trial court excluded two questions to Dr. Blair and his answers from a videotape deposition. In order to preserve error, the trial record must demonstrate the actual offer of the evidence, the court's ruling thereon, and the substance of the testimony excluded. TEX.R.APP.P. 52(b). Rule 52 mandates that these steps must be completed prior to the court's charge being read to the jury. *Id.*

Unfortunately, the statement of facts in this case is silent as to what objections were made, which were sustained, and what evidence came in the record. Instead, the record reflects:

THE COURT: Are we ready to start with the video?

MR. MARTINES: Yes, Your Honor. At this time the Plaintiff would offer into evidence the video tape oral deposition of Dr. Roger Blair, neurologist.

(The video deposition of Dr. Blair was shown to the jury.)

After the case was submitted to the jury, McKinney's counsel made a bill of exceptions, stating the objections made to the videotape and the portions of the videotape that were excluded. This bill of exceptions came too late under the rules of appellate procedure. *See* TEX.R.APP.P. 52(b). As a result, the error is not preserved for appeal.

■ However, if the error had been preserved for appeal, we would be forced to overrule McKinney's complaint. The record before us reveals Dr. Blair admitted that he was only vaguely familiar with the chemicals to which McKinney was exposed and did not know what effects those chemicals could cause. The following is an example of Dr. Blair's testimony:

Q. So, any opinions that you have given today with regard to the effect, whether it be a producing cause or not, of Ms. McKinney's problems, her depression and other problems we've discussed, you're not qualified to give an expert opinion regarding whether these chemicals could have in any way caused her depression?

A. Well, like I said, I would have to look them up, which I haven't done. So, based on the knowledge I have got at this point, I couldn't, and based on all the toxicological stuff, not knowing what that is, I can't personally tell whether that's a cause of her depression.

The trial court has broad discretion in determining whether to allow expert testimony. *Bilderback*, 709 S.W.2d at 740. As a result, the trial court's action will not be disturbed on appeal absent a clear abuse of discretion. *Stanley v. Southern Pacific Co.*, 466 S.W.2d 548, 551 (Tex.1971). In our review of the record, we cannot say that the trial court abused its discretion in refusing to allow Dr. Blair to testify to a matter which he admitted was not within his knowledge. Therefore, we overrule the first point of error.

■ In her second point of error, McKinney contends that the trial court erred in allowing the testimony of Todd Miller, the Safety and Health Administrator at Weber Aircraft, over her objection. McKinney contends that Miller's testimony should not have been admitted on two grounds. First, she claims that Miller was allowed to testify despite the fact that "the rule" had been invoked and he had remained in the courtroom throughout the trial. McKinney cites no cases in support of her contention. However, it should be noted the counsel for National Union responded to the objection at trial by stating that Miller had been designated as its representative. It is clear from the records that the trial court deemed Miller to be a representative of National Union. Nonetheless, McKinney claims that Miller was not an employee of National Union and therefore could not be its representative.

The version of rule 267 in effect at the time of trial provided in pertinent part:

Neither party to a suit should be placed under the rule. Where a corporation is a party to the suit, the court may exempt from the rule an officer or other representative of such corporation to aid counsel in the presentation of the case. If any party be absent, the court in its discretion may exempt from the rule a representative of such party.

TEX.R.CIV.P. 267 (amended 1/1/88). Our research into the rule reveals no case requiring a representative to be an employee of a party. To the contrary, in similar situations, at least one court in this state has allowed an employee of an employer to be the representative for a worker's compensation carrier in a compensation case. *Yates v. Pacific Indemnity Co.*, 193 S.W. 2d 266, 267 (Tex.Civ.App.—Texarkana 1946, writ ref'd n.r.e.). As a result, we overrule McKinney's contention that Miller was barred from testifying by operation of rule 267.

In her second contention under this point of error, McKinney complains that Miller's identity was not disclosed in discovery requests seeking the identity and location of witnesses with knowledge of relevant facts.

Our Supreme Court has repeatedly held that a failure to identify persons with knowledge of relevant facts, upon proper request, results in the automatic exclusion of those witnesses' testimony at the time of trial. *Morrow v. H.E.B.*, 714 S.W.2d 297, 298 (Tex.1986); *Yeldell v. Holiday Hills Retirement & Nursing Center*, 701 S.W.2d 243, 246 (Tex.1985).

■ Therefore, if a party demonstrates that (1) it made a proper discovery request; (2) the witness was not disclosed in answers to the request; (3) the appellant objected to the admission of evidence on the grounds that the witness was not disclosed in answers to a specific discovery request; and (4) the court does not find that good cause existed for the failure to disclose the witness, we must reverse the judgment of the trial court. *Morrow*, 714 S.W.2d at 298.

■ In the instant case, McKinney's objection at trial was that National Union had failed to respond to a request for production requesting a list of the names and location of persons with knowledge of relevant facts. Specifically, McKinney's objection stated:

> Secondly, that the Defendant has entirely *failed to answer any motion for production designating any witnesses as relevant fact witnesses*. Thereby, we have had no previous notice that they intended to call this man to testify as allowed under the Rules of Civil Procedure, that his testimony should not be allowed as he was not identified. [Emphasis added.]
>
> THE COURT: The Court is going to rule on—overrule that, ... The record will speak for itself as far as the pleadings and what have you, what was asked for and whether or not that's a violation. The Court will overrule it.

The record reflects that McKinney did request production of a list of names and location of persons with knowledge of relevant facts. Contrary to McKinney's objection, National Union answered the request. National Union responded by stating that no such list "exists." Nothing in the record indicates this response was untruthful.

■ A request for production is a proper vehicle to seek the production of a tangible thing. TEX.R.CIV.P. 167(1)(a). However, a request for production cannot be used to force a party to reduce information to tangible form.[1] The only exception to this is the requirement that reports of experts, except pure consulting experts, must be reduced to tangible form upon proper request by any party. TEX.R.CIV.P. 166b(2)(e)(4). The trial court did not err in allowing Miller to testify over this objection.

However, McKinney now claims National Union did not identify Miller in response to an interrogatory requesting the identity and location of persons with knowledge of relevant facts. An interrogatory to this effect was served on National Union. Instead of answering, National Union objected. Neither McKinney nor National Union sought a hearing on the objections to the interrogatory.

McKinney did not object to Miller's testimony on the ground that his identity was not disclosed in the answers to interrogatories. Instead, this objection is made for the first time on appeal. As a result, the objection comes too late to be considered.

Our system of appellate review requires that objections to evidence be made at trial before they are made on appeal. In this way, we insure the efficient administration of justice as the appellate court reviews only those matters submitted to and ruled

---

1. If parties could be forced to reduce information known to them to writing, e.g., contentions, identity and location of persons with knowledge of relevant facts, an undesirable result would occur.

Our Supreme Court has wisely limited the number of interrogatories that can be sent to one party. If parties were forced to reveal the same information in request for admissions as in interrogatories, this limit would be meaningless.

on by the trial court. To render an opinion on an issue not submitted to the trial court would destroy this time-honored system.

In this case, the trial court was not given an opportunity to rule on McKinney's objection based on National Union's responses to interrogatories. It would be presumptuous of us to predict what ruling the trial court would have made if McKinney had made the objection at the proper time. (It is entirely possible that the court may have announced its intentions to exclude the testimony. In this event, National Union would have been given an opportunity to demonstrate good cause for the admission of the testimony.) However, since no objection was made we cannot pass on that objection for the first time on appeal.

The importance of an objection directed to a specific discovery request is crucial to the trial court's ability to rule on objections directed to the failure of a party to designate expert witnesses and persons with knowledge of relevant facts. This is especially true since the Supreme Court's adoption of new discovery rules as of January 1, 1988. Under new rule 168, interrogatories and responses thereto are not filed with the clerk of the court. As a result, the interrogatories and responses are not part of the court's file. The court cannot know whether testimony is barred by failure to respond to an interrogatory unless specific objections are made identifying the interrogatory and response.

To properly preserve error, the party objecting must (1) object; and (2) call the court's attention to the specific discovery request and response by introducing them into the record. Thereafter, the burden falls on the offering party to demonstrate that good cause exists for failing to identify the expert witness or person with knowledge of relevant facts. *Morrow*, 714 S.W.2d at 298.

Both the dissent and McKinney argue that the objection was sufficiently specific to call the court's attention to the failure of National Union to answer the interrogatory. We disagree. The only objection made by McKinney was directed to National Union's alleged failure to answer "any motion for production." The interrogatories and responses thereto were never brought to the trial court's attention by reference or innuendo.

Additionally, the dissent and McKinney complain that this opinion "places the burden on one seeking discovery to obtain a ruling on the opposing party's objection." To the contrary, we do not reach the issue of whose duty it was to seek a hearing on the objections to the interrogatories. That issue was not raised at the trial court and is not discussed in this opinion.

We have overruled each of McKinney's points of error and affirm the judgment of the trial court.

FARRIS, J., dissents.

FARRIS, Justice, dissenting.

I dissent from the majority ruling on the appellant's second point of error. I dissent because it was error to allow a witness, not identified in a response to discovery asking the identity of persons with knowledge of relevant facts, to testify; and the appellant's objection to the testimony was sufficient to preserve error.

Appellant's fourteenth interrogatory requests that appellee state:

State the full name and last known address, giving the street, street number, city and state of every person known to you or your attorneys who have knowledge of any relevant facts pertaining to this cause of action, including, but not limited to, eye-witnesses to such event, as well as medical witnesses and other persons having such knowledge thereof.

The appellee's objection to interrogatory fourteen is as follows:

Defendant objects to Interrogatory # 14 as same is overly broad, burdensome, and unclear, such that it would be extremely difficult for Defendant to answer same. Defendant does not recognize Plaintiff's "cause of action." In ad-

dition, because there was no "accident" for which there could be our witnesses, or persons with relevant knowledge, said question would require Defendant to provide an extremely lengthy list of virtually all persons who were employed at Weber Aircraft, in addition to many others with knowledge of activities which occurred in Weber Aircraft. Therefore, Defendant objects to answering same without further specification by Plaintiff as to the information requested.

Interrogatory fourteen made a legitimate inquiry about persons having knowledge of relevant facts, *see* TEX.R.CIV.P. 166b(2)(d), and the use of similar interrogatories is a common practice.[1] Appellee's objection that interrogatory fourteen would require it to identify virtually all of Weber's employees begs the question because Miller's identity and relevant knowledge were known to appellee. If appellee was truly concerned with the risk of sanctions for not identifying *all* of Weber's employees with relevant knowledge, it could have conditioned its answer naming those known to have relevant knowledge with language of the following sort:

> In addition to the persons identified, in response to plaintiff's interrogatory fourteen, there may be other employees of Weber Aircraft with particular knowledge of facts relevant to plaintiff's cause of action, whose identities or relevant knowledge are not known to defendant.

The majority opinion places the burden on one seeking discovery to obtain a ruling on the opposing party's objection. The majority cites no authority for this departure from the general rule that one urging an objection must obtain a ruling on his objection.

I would hold appellant's objection to Miller's testimony sufficient to preserve error because it was sufficiently specific, and because it is apparent from the trial court's ruling that the trial court understood appellant's objection. Appellant's objection to the testimony of Miller and the ruling of the trial court are as follows:

MR. MARTINES: Let the record reflect that the Plaintiff has entered an objection to the testimony of this witness for the reason that the Defendant's attorneys invoked the rule at the time of the beginning of this trial, which forbade any testifying witness to be present in the courtroom during the other witnesses' testimony. Secondly, that the Defendant has entirely failed to answer any motion for production designating any witnesses as relevant fact witnesses. Thereby, we have had no previous notice that they intended to call this man to testify as allowed under the Rules of Civil Procedure, that his testimony should not be allowed as he was not identified.

THE COURT: The Court is going to rule on—overrule that, ... The record will speak for itself as far as the pleadings and what have you, what was asked for and whether or not that's a violation. The Court will overrule it.

To preserve error, an objection must state the specific grounds for the desired ruling if those specific grounds are not apparent from the context of the objection. TEX.R.APP.P. 52(a). A specific objection is one which enables the trial court to understand a precise question and make an intelligent ruling, affording the offering party an opportunity to remedy the defect, if possible. *de los Angeles Garay v. Texas*

---

1. E.g.: An interrogatory requesting the names, addresses, telephone numbers and current employment situations of all persons who have knowledge of facts and circumstances which were the basis of the lawsuit. *See Yeldell v. Holiday Hills Retirement & Nursing Center,* 701 S.W.2d 243, 246 (Tex.1985). An interrogatory inquiring of "all persons with knowledge of relevant facts such that they may have actual or constructive knowledge of any discoverable matter, but without regard to the ultimate admissibility into evidence of the matter." *See Walsh v. Mullane,* 725 S.W.2d 263, 264 (Tex.App. —Houston [1st Dist.] 1986, writ ref'd n.r.e.). Interrogatory requesting "the names of all witnesses to a part or all of the events made the basis for the lawsuit." *See Brewer v. Isom,* 704 S.W.2d 911, 912 (Tex.App.—Dallas 1986, no writ).

*Employers' Ins. Ass'n,* 700 S.W.2d 657, 659 (Tex.App.—Corpus Christi 1985, no writ).

The trial court's ruling shows that the court understood that appellant was objecting to the testimony of a relevant fact witness not identified in discovery.

For the reasons stated, I would reverse and remand for new trial.

