**Doris McKINNEY, Petitioner,**

v.

**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, Respondent.**

No. C–7514.

Supreme Court of Texas.

June 7, 1989.

---

* We have ordered the opinion of the court of appeals published.

Mark S. Stewart, Ft. Worth, for petitioner.

Malia A. Litman, David R. Noteware, Dallas, Laurie Kratky Doré, Austin, for respondent.

ON MOTION FOR REHEARING

GONZALEZ, Justice.

Petitioner's motion for rehearing is granted and the court's opinion and judgment of April 5, 1989 and the concurring opinion of the same date are withdrawn and the following is substituted.

This workers' compensation case presents yet another twist on the problem of undisclosed fact witnesses in response to discovery requests. Doris McKinney filed a claim with the Industrial Accident Board (IAB) alleging that while she was employed at Weber Aircraft, she incurred an occupational disease in the course and scope of her employment. National Union Fire Insurance Company of Pittsburgh, Pennsylvania, Weber's insurance carrier, was dissatisfied with the IAB award and filed this suit in District Court.[1]

Trial was before a jury which found that McKinney had not sustained an occupational injury and the trial court rendered a take nothing judgment. The court of appeals, with one justice dissenting, affirmed the judgment of the trial court. 747 S.W.2d 907. For different reasons than those given by the court of appeals, we affirm the judgment of the court of appeals.

The sole point of error before us concerns the sufficiency of McKinney's trial objection and if sufficient, whether the admission of testimony of an undisclosed witness was reversible error.

Before trial, pursuant to Tex.R.Civ.P. 167, McKinney filed a "Request for Production of Information"[2] seeking copies of certain documents, lists of expert witnesses National Union intended to call, and a list of names and addresses of witnesses with knowledge of relevant facts concerning this cause of action. National Union submitted certain records, but as to the lists of

---

1. The parties were later realigned and McKinney proceeded to trial as plaintiff and National Union as defendant.

2. There is no such discovery device under our rules. Tex.R.Civ.P. 167(1)(a) deals with the discovery and production of existing documents and tangible things. This rule cannot be used to ·

force a party to make lists or reduce information to tangible form. However, under Tex.R. Civ.P. 166b(2)(e)(4), if factual observations, tests or supporting data of an expert who will be called as a witness have not been reduced to tangible form, the court may order these matters reduced to writing.

expert and fact witnesses, National Union answered the request by stating that it had no such records.

McKinney also served an interrogatory on National Union which requested the identity and location of persons with knowledge of relevant facts. National Union did not answer this interrogatory; instead, it objected on the grounds that it was overly broad and burdensome. Neither party requested a hearing nor obtained a ruling on this objection.

At trial, National Union called Todd Miller, Weber's safety and health administrator, as a witness. McKinney objected because Miller had not been designated as a fact witness in National Union's response to discovery.

> Specifically, McKinney's objection stated: ... [National Union] has entirely failed to answer any motion for production designating any witnesses as relevant fact witnesses. Thereby, we have had no previous notice that they intended to call this man to testify as allowed under the Rules of Civil Procedure, that his testimony should not be allowed as he was not identified.

The trial court overruled McKinney's objection and allowed Miller to testify. The court of appeals held that this objection was not sufficiently specific to direct the trial court's attention to the fact that Miller's identity was not disclosed in response to the interrogatory. 747 S.W.2d at 911. We disagree.

■ To preserve error, an objection must state the specific grounds for the desired ruling if those grounds are not apparent from the context of the objection. Tex.R.App.P. 52(a). A specific objection is one which enables the trial court to understand the precise grounds so as to make an informed ruling, affording the offering party an opportunity to remedy the defect, if possible. In the present case, it is apparent from McKinney's objection that she was objecting to the testimony of an undisclosed fact witness. McKinney's objection

was sufficient to direct the trial court's attention to the fact that Miller had not been designated as a fact witness in response to a discovery request.[3] We will now discuss whether the trial court's admission of Miller's testimony over McKinney's objection was reversible error.

Rule 168(6) provides that answers to interrogatories to which an objection is made "shall be deferred until the objections are ruled upon and for such additional time thereafter as the court may direct." Tex. R.Civ.P. 168(6). National Union contends that because it objected to McKinney's interrogatory, its duty to answer never arose.

■ In *Gutierrez v. Dallas Indep. School Dist.*, 729 S.W.2d 691, 693 (Tex. 1987), we held that if a litigant propounds an improper interrogatory, it is incumbent upon the party answering to object to the form of the question, so that it may be reurged in the proper form. If the party answering the request does not object to the form of the question, but later tries to call an undisclosed witness, the trial court should disallow the testimony of the witness unless good cause can be shown. *Morrow v. H.E.B.*, 714 S.W.2d 297, 298 (Tex.1986); *Yeldell v. Holiday Hills Retirement & Nursing Center, Inc.*, 701 S.W.2d 243, 247 (Tex.1985). *See also Gee v. Liberty Mut. Fire Ins. Co.*, 765 S.W.2d 394 (Tex.1989). *Morrow* and *Yeldell* are not directly applicable to the present case because National Union did object to McKinney's interrogatory.

■ In *Peeples v. Fourth Court of Appeals*, 701 S.W.2d 635, 637 (Tex.1985), we held that:

> ... any party who seeks to exclude documents, records or other matters from the discovery process has the affirmative duty to specifically plead the particular privilege or immunity claimed and to request a hearing on his motion.... Failure to follow the above procedure consti-

---

3. While we agree with the court of appeals' concern that there needs to be specific objections in discovery matters, the objection here, though inartfully worded, was sufficient to apprise the trial court that McKinney was objecting to the use of an undisclosed fact witness.

tutes a waiver of any complaint of the trial court's action.

Thus, in *Peeples* we placed the burden of requesting a hearing on the party seeking to exclude matters from discovery. Since *Peeples* was decided, however, the Court has promulgated Texas Rule of Civil Procedure 166b(4), which states in part:

> In responding to an appropriate discovery request within the scope of paragraph 2 directly addressed to the matter, a party who seeks to exclude any matter from discovery on the basis of an exemption or immunity from discovery, must specifically plead the particular exemption or immunity from discovery relied upon and produce evidence supporting such claim in the form of affidavits or live testimony presented at a hearing requested by either the requesting or objecting party.

This rule codifies *Peeples* in part, but also modifies it by allowing either party to request a hearing on objections to discovery. Consistently, Texas Rule of Civil Procedure 168(6) also allows either party to request a hearing on objections to interrogatories.

Oftentimes, parties make overly broad or burdensome requests for information or seek clearly nondiscoverble matters. Faced with an objection, the requesting party sometimes recognizes the validity of the objection and abandons the request for information. At times, opposing parties resolve discovery disputes among themselves without court intervention. We applaud and encourage this practice. This avoids the needless expense and the use of valuable judicial resources by reducing the number of unnecessary hearings. Because the party requesting discovery is in the best position to evaluate its need for information and sometimes recognizes the validity of an objection to a discovery request, the orderly administration of justice will be better served by placing responsibility for obtaining a hearing on discovery matters on the party requesting discovery. If a hearing is held, the objecting party must assume the burden of establishing its privilege, immunity or other objection to the discovery request.

It is hoped that this procedure will permit the parties to work through discovery disputes without court intervention, thereby making discovery more economical. At a minimum, it will encourage the existence of a real and substantial controversy prior to the involvement of a trial court. The party resisting discovery will no longer feel compelled to obtain an immediate ruling on its objections to discovery in order to reduce the risk of an inadvertent waiver. Further, the party seeking discovery will not impose on the trial court's limited resources unless it is serious about its request and doubts the validity of the other party's objection. The trial court can encourage this attitude by making judicious use of sanctions against those who would abuse the discovery process. Tex.R.Civ.P. 215(3).

Because the present case was tried before the court's promulgation of Texas Civil Procedure Rule 166b(4), effective January 1, 1988, *Peeples* applied as written. Thus, National Union, the party seeking to exclude matters from discovery, had the burden to request a hearing on its objections to McKinney's interrogatories. National Union failed to do this. Assuming without deciding that the trial court erred in admitting Miller's testimony over McKinney's trial objection, we determine that such error, if any, did not constitute reversible error.

When a trial court improperly permits a witness who was not disclosed in answers to interrogatories to testify, the appellant must show that such error was reasonably calculated to cause and probably did cause the rendition of an improper judgment. *See Gee*, 765 S.W.2d at 396. Whether the error probably did cause the rendition of an improper judgment is to be determined in light of the record as a whole. *Pittman v. Baladez*, 158 Tex. 372, 312 S.W.2d 210, 216 (1958).

Considering the record as a whole, we cannot say that the error of the trial court, if any, in allowing Miller to testify, probably did cause the rendition of an improper judgment. The record shows that

Miller testified briefly about a type of pump used to store the chemicals with which McKinney worked. The pump had been previously admitted into evidence as an exhibit and a witness for National Union had previously testified as to its function. Miller also testified that no one in McKinney's department at Weber had ever worn a "respirator." This testimony was consistent with the testimony of a previous witness. Finally, Miller testified about some Occupational Safety and Health Administration tests and reports conducted at Weber. Previous and subsequent witnesses testified similarly about these tests and reports. The erroneous admission of testimony that is cumulative is ordinarily not harmful; thus, we conclude that the admission of Miller's testimony was not reversible error. *McInnes v. Yamaha Motor Corp.*, 673 S.W.2d 185, 188 (Tex.1984), *cert. denied*, 469 U.S. 1107, 105 S.Ct. 782, 83 L.Ed.2d 777 (1985).

For these reasons, we affirm the judgment of the court of appeals.

RAY, J., concurs, joined by SPEARS and MAUZY, JJ.

RAY, Justice, concurring.

I concur in the result reached by the court, but do not entirely agree with its reasoning. I think the rule announced in *Peeples v. Fourth Court of Appeals*, 701 S.W.2d 635 (Tex.1985) is applicable to the present case and should be followed as written.

In *Peeples* we stated:

> ... any party who seeks to exclude ... matters from the discovery process has the affirmative duty to specifically plead the particular privilege or immunity claimed and to request a hearing on his motion.... Failure to follow the above procedure constitutes a waiver....

*Id.* at 637. As the majority correctly noted, *Peeples* places the burden of requesting a hearing on the party seeking to exclude matters from discovery. Although some have criticized the rule set forth in *Peeples*, it has proved workable. *See National Union Fire Ins. Co. v. Hoffman*, 746 S.W.2d 305 (Tex.App.—Dallas 1988, orig. proceeding); *see also* Sales, *Pretrial Discovery in Texas Under the Amended Rules: Analysis and Commentary*, 27 S.Tex.L.Rev. 305, 348 (1986). This court should not modify *Peeples* in blind hopes that this modification will result in more economical discovery.

Nevertheless, I would agree with the court that admission of Miller's testimony was not reversible error. *See Gee v. Liberty Mut. Fire Ins. Co.*, 765 S.W.2d 394 (Tex. 1989). The record shows that Miller's testimony was entirely cumulative. The erroneous admission of cumulative testimony is ordinarily not harmful. *Id.* Therefore, I concur in the decision of this court to affirm the judgment of the court of appeals.

SPEARS and MAUZY, JJ., joined.