## SERVICE LLOYDS INSURANCE COMPANY, Petitioner,

v.

## Gary L. HARBISON, Respondent.

No. D–1287.

Supreme Court of Texas.

Nov. 6, 1991.

Rehearing Overruled May 6, 1992.

E. Thomas Bishop, Alexander N. Beard, Dallas, for petitioner.

Christopher H. Boswell, Harlingen, for respondent.

PER CURIAM.

■ We consider whether supplemental answers to interrogatories are timely filed when the trial court overrules an objection to an "expert witness" interrogatory and directs the designating party to answer within 30 days of trial without a showing of good cause. We conclude that such supplemental answers to interrogatories are timely filed pursuant to Rule 168.6 of the Texas Rules of Civil Procedure.

Gary L. Harbison filed a worker's compensation claim with the Industrial Accident Board as a result of an on-the-job fall in August 1988. After Harbison received an award, Service Lloyds Insurance Company (Service Lloyds) filed a petition in district court to set aside the award. Both parties agreed to an expedited trial setting and each served interrogatories and timely responses including some objections. Among other things, Service Lloyds objected to an interrogatory which requested the names and addresses of any persons, including experts, who had knowledge of relevant facts relating to the incident. The trial court conducted a hearing on the objections on February 15, which was 32 days before trial.[1] The trial court overruled various objections, including Service Lloyds' objection to the "expert witness" interrogatory and directed the parties to answer by March 2, which was 17 days before trial. Service Lloyds supplemented its answers to interrogatories by designating its expert on February 28.

Before trial, Harbison unsuccessfully sought to exclude the testimony of Service Lloyds' expert witness because the expert was designated within 30 days of trial without leave of court and a showing of good cause contrary to Rules 166b.6(b) and 215.5 of the Texas Rules of Civil Procedure. At trial, Harbison reurged the same objection when Service Lloyds attempted to intro-

---

1. The trial date agreed upon by both parties was    March 19.

duce the expert's video testimony. The objection was overruled. The expert testimony was admitted and indicated that Harbison's injury did not occur while in the course of his employment. Based on the jury verdict, the trial court rendered judgment that Harbison take nothing. The court of appeals reversed and remanded, holding that the trial court abused its discretion in admitting the expert testimony because the expert was designated within 30 days of trial without leave of court and a showing of good cause pursuant to Rules 166b.6 and 215.5.[2] 808 S.W.2d 690.

Service Lloyds argues that when the trial court overrules the designating party's objection to an "expert witness" interrogatory and directs the designating party to supplement its answer within 30 days of trial pursuant to Rule 168.6, the answer is timely. We agree.

 This court has not addressed the effect of objections under Rule 168.6 [3] upon the admissibility of an undisclosed witness' testimony under Rule 215.5. Rule 168.6 states:

> Answers only to those interrogatories or portions thereof, to which objection is made, shall be deferred until the objections are ruled upon and for such additional time thereafter as the court may direct. Either party may request a hear-

ing as to such objections at the earliest possible time.

Tex.R.Civ.P. 168.6. Rule 168.6 protects litigants from complying with objectionable discovery requests by staying all requirements for answering interrogatories until the date the trial court rules on the objections or directs the parties to answer.[4] A plain reading of Rule 168.6 indicates that the trial court may admit an undisclosed witness' testimony which would otherwise be excluded under Rule 215.5, when that testimony is the product of a deferred answer to an interrogatory. Therefore, we hold that when the trial court overruled Service Lloyds' objection to the "expert witness" interrogatory and directed it to supplement its answer on or before March 2, which was within 30 days of trial, Service Lloyds' supplemental answers to interrogatories filed on February 28 were timely.

Pursuant to Rule 170 of the Texas Rules of Civil Procedure, a majority of the court grants Service Lloyd's application for writ of error and, without hearing oral argument, reverses the judgment of the court of appeals and affirms the judgment of the trial court.

**2.** Rule 166b.6 states in pertinent part:
(b) If the party expects to call an expert witness when the identity or the subject matter of such expert witness' testimony has not been previously disclosed in response to an appropriate inquiry directly addressed to these matters, such response must be supplemented to include the name, address and telephone number of the expert witness and the substance of the testimony concerning which the expert witness is expected to testify, as soon as is practical, but in no event less than thirty (30) days prior to the beginning of trial except on leave of court.
Tex.R.Civ.P. 166b.6.
Rule 215.5 states:
A party who fails to respond to or supplement his response to a request for discovery shall not be entitled to present evidence which the party was under a duty to provide in a response or supplemental response or to offer the testimony of an expert witness or any

other person having knowledge of discoverable matter, unless the trial court finds that good cause sufficient to require admission exists. The burden of establishing good cause is upon the party offering the evidence and good cause must be shown in the record. Tex.R.Civ.P. 215.5.

**3.** If a litigant propounds improper interrogatories, it is incumbent upon the party answering the interrogatories to object. *McKinney v. Union Fire Insurance Co.,* 772 S.W.2d 72, 74 (Tex. 1989).

**4.** If a trial court finds that a response or answer to a discovery request (including an objection to an interrogatory) is unreasonably frivolous, oppressive or made for the purposes of delay, the court may impose appropriate sanctions. Tex. R.Civ.P. 215.3.