**Motion for Rehearing Overruled, Memorandum Opinion of July 17, 2014, Withdrawn; Affirmed; and Substitute Memorandum Opinion filed August 26, 2014.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-13-00569-CV

### CLEF CONSTRUCTION, INC. AND JAMES S. WATSON, Appellants

### V.

### CCV HOLDINGS, LLC, Appellee

**On Appeal from the 113th District Court
Harris County, Texas
Trial Court Cause No. 2011-53737**

## SUBSTITUTE MEMORANDUM OPINION

We overrule the motion for rehearing filed by Clef Construction, Inc. and James S. Watson (collectively, Clef Construction). We withdraw the memorandum opinion issued in this case on July 17, 2014, and we issue this substitute memorandum opinion in its place.

CCV Holdings, LLC sued Clef Construction to recover sums allegedly due and owing under promissory notes and guaranties. The trial court granted summary judgment in favor of CCV Holdings. In two issues on appeal, Clef Construction argues that the trial court erred in granting CCV Holdings's motion for summary judgment because (1) the affidavit submitted in support of the motion was defective; and (2) the motion relied on material factual conclusions for which CCV Holdings failed to provide competent evidentiary support. We affirm.

## BACKGROUND

CCV Holdings loaned Clef Construction $100,000 on February 6, 2010. Clef Construction signed two promissory notes, each in the amount of $50,000, and Watson signed the notes as guarantor. CCV Holdings loaned Clef Construction an additional $75,000 on May 21, 2010. Clef Construction signed a third promissory note, and Watson signed the note as guarantor.

CCV Holdings sued Clef Construction on September 8, 2013, to recover sums it alleged were due and owing under the promissory notes executed by Clef Construction. In its petition, CCV Holdings alleged that it was the owner and holder of the notes executed by Clef Construction and entitled to receive the money due under the terms of the notes; Watson personally guaranteed payment of the notes; and Clef Construction defaulted in paying the notes.

CCV Holdings moved for summary judgment on its claim on the notes and claim for breach of guaranties on January 15, 2013. In support of its motion, CCV Holdings relied upon the affidavit of Dean Corbin. Corbin attested in his affidavit that he had personal knowledge of the facts stated in the affidavit. Attached to the affidavit were copies of the three notes. The trial court signed a final summary judgment on March 15, 2013, and assessed damages against Clef Construction for $139,025.33 as the principal amount due, $44,378.36 as the interest, $14,000 as

2

attorney's fees, and $243 as costs. Clef Construction filed a "Request for Rehearing and Motion for New Trial" on April 12, 2013. The trial court denied the request and motion on May 24, 2013. This appeal followed.

ANALYSIS

## I. Standard of Review and Applicable Law

To prevail on summary judgment on a claim on a note, the plaintiff must establish (1) the existence of the note in question; (2) the defendant signed the note; (3) the plaintiff is the legal owner and holder of the note; and (4) a certain balance is due and owing on the note. *See TrueStar Petroleum Corp. v. Eagle Oil & Gas Co.*, 323 S.W.3d 316, 319 (Tex. App.—Dallas 2010, no pet.); *Blankenship v. Robins*, 899 S.W.2d 236, 238 (Tex. App.—Houston [14th Dist.] 1994, no writ). To prevail on summary judgment on a claim for breach of a guaranty, the plaintiff must establish (1) the existence and ownership of the guaranty; (2) the terms of the underlying contract by the holder; (3) the occurrence of the condition on which liability is based; and (4) the guarantor's failure or refusal to perform the promise. *See Wasserberg v. Flooring Servs. of Tex., LLC*, 376 S.W.3d 202, 205 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

A plaintiff who moves for traditional summary judgment has the burden to conclusively prove all elements of its claim as a matter of law. *See* Tex. R. Civ. P. 166a(c); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). If the plaintiff satisfies its burden, the burden shifts to the defendant to preclude summary judgment by presenting evidence that raises a genuine issue of material fact. *Westland Oil Dev. Corp. v. Gulf Oil Corp.*, 637 S.W.2d 903, 907 (Tex. 1982). We review a trial court's decision to grant summary judgment *de novo*. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). We review a trial court's decision to admit or exclude summary judgment evidence for

3

an abuse of discretion. *Pipkin v. Kroger Tex., L.P.*, 383 S.W.3d 655, 667 (Tex. App.—Houston [14th Dist.] 2012, pet. denied).

## II. Clef Construction Failed to Object to Corbin's Affidavit in the Trial Court.

In its first issue, Clef Construction argues that Corbin's affidavit constitutes insufficient evidence to support CCV Holdings's motion for summary judgment. Clef Construction contends that Corbin's affidavit fails because it was not based on personal knowledge. Clef Construction also argues that the affidavit fails because it does not state that the notes and other documents attached were business records under Texas Rule of Evidence 902(10). This argument assumes that the notes and other documents attached to CCV Holdings's affidavit were hearsay and that they could only be admitted into evidence under the business records exception pursuant to Texas Rule of Evidence 902(10).[1] *See* Tex. R. Evid. 902(10).

Texas Rule of Civil Procedure 166a(f) provides that "defects in the form of affidavits or attachments will not be grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but refusal, to amend." Tex R. Civ. P. 166a(f). Clef Construction asserts that lack of personal

---

[1] Clef Construction also argues that the affidavit is defective because Corbin did not attest to the following: (1) the elements establishing CCV Holdings's suit on the notes; (2) the elements establishing CCV Holdings's suit on the guarantees; (3) that the notes attached to the affidavit were being admitted as Business Records under Rule 902(10) of the Texas Rules of Evidence; (4) that Corbin was the custodian of the records of CCV Holdings concerning Clef Construction's note and guaranty agreements; (5) that Corbin had any relationship to CCV Holdings; (6) that Corbin had a job title with CCV Holdings; (7) that Corbin had any job position, responsibilities, or duties with CCV Holdings; (8) how Corbin came to have personal knowledge of the matters to which he was attesting; and (9) how Corbin became competent to testify to the matters contained in his affidavit. We conclude that these arguments are subsumed by the arguments that Corbin lacked personal knowledge and that the affidavit was based on hearsay.

knowledge is an argument against the substance of Corbin's affidavit. However, this court has concluded that an objection to the lack of an affiant's personal knowledge is an objection to form. *See Washington DC Party Shuttle, LLC v. IGuide Tours, LLC*, 406 S.W.3d 723, 732 (Tex. App.—Houston [14th Dist.] 2013, pet. filed) (en banc). Similarly, an objection to hearsay is also an objection to form. *See Dolcefino v. Randolph*, 19 S.W.3d 906, 926 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).

Because both objections are to defects in the form of the affidavit, Clef Construction was required to object and obtain a ruling from the trial court to preserve error. *See* Tex. R. Civ. P. 166a(f). Clef Construction argues that it preserved error by requesting the following in its response to CCV Holdings's motion for summary judgment:

14. The court should deny plaintiff's motion for summary judgment because plaintiff's pleadings are defective and the Affidavit attached to the Motion is defective. Plaintiff's pleading did not prove as a matter of law all elements of its cause of action for breach of contract or its [cause] of action based on a guaranty agreement. *See Park Place [Hosp.] v. Estate of Milo*, 909 S.W.2d 508, 511 (Tex. 1995). There are genuine issues of material fact on at least one element of plaintiff[']s cause of action as alleged in Defendants' First Amended Answer and Motion to Dismiss. Furthermore, plaintiff's motion for summary judgment is defective since it does not provide for the lawful credits and offsets in the principal sum of $156,888.75 plus interest as alleged by Defendants, and therefore Plaintiff has failed [to] meet its burden regarding conditions precedent.

15. The court should deny plaintiff's motion for summary judgment because the affidavit attached to plaintiff[']s motion for summary judgment is defective and does not present competent summary judgment evidence. Tex. R. Civ. P. 166a(f). Specifically, there is no reference to the Lawful Credits in the principal sum of $156,888.75 plus interest that Defendants' are entitled to pursuant to the agreements between Plaintiff and Defendants as alleged in Defendants' First Amended Answer and Motion to Dismiss.

5

To preserve error, an objection must be stated clearly and with sufficient specificity to make the trial court aware of the particular grounds for the complaint. *See* Tex. R. App. P. 33.1(a); *McKinney v. Nat'l Union Fire Ins. Co.*, 772 S.W.2d 72, 74 (Tex. 1989). A specific objection is one that enables the trial court to understand the precise grounds so as to make an informed ruling and affords the offering party an opportunity to remedy the defect, if possible. *McKinney*, 772 S.W.2d at 74.

Here, Clef Construction made only a general request that the trial court deny CCV Holdings's motion for summary judgment because Corbin's affidavit was defective. Clef Construction did not complain with specificity that the affiant lacked personal knowledge or that the affidavit contained hearsay. Thus, Clef Construction did not preserve its lack of personal knowledge or hearsay objections, and those objections present no grounds for disregarding the affidavit. *See IGuide Tours, LLC*, 406 S.W.3d at 732; *Dolcefino*, 19 S.W.3d at 926. Accordingly, we overrule Clef Construction's first issue.

## III. Corbin's Affidavit

In its second issue, Clef Construction asserts that "the trial court erred in granting [CCV Holdings's] motion for summary judgment because the motion relied on material factual conclusions for which [CCV Holdings] failed to provide competent evidentiary support."

An affidavit that is conclusory is substantively defective, and the failure to object or obtain a ruling on an objection does not waive the substantive defect. *See Pipkin*, 383 S.W.3d at 670. Nevertheless, Clef Construction's argument that the affidavit is conclusory fails because the only reason Clef Construction offers for the affidavit being conclusory is that it was not supported by business records. As discussed above, Clef Construction failed to preserve its hearsay objection to

6

Corbin's affidavit. Thus, the affidavit is not conclusory and provides competent evidentiary support for CCV Holdings's motion for summary judgment. Accordingly, we overrule Clef Construction's second issue.

## CONCLUSION

Having overruled Clef Construction's issues, we affirm the trial court's grant of summary judgment.


/s/          William J. Boyce
                          Justice

Panel consists of Justices Boyce, Busby, and Wise.