**Affirm and Opinion Filed August 2, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-19-01553-CV**
_____

**PHYLLIS SLICKER, Appellant**
**V.**
**WILLIAM SLICKER AND LESLIE G. MARTIN, P.C., Appellees**

**On Appeal from the 330th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-11-15742**

## MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Partida-Kipness
Opinion by Justice Osborne

The trial court rendered judgment on a jury's verdict in favor of appellee Leslie G. Martin, P.C. on its claim against appellant Phyllis Slicker for attorney's fees. The trial court's final judgment incorporated its rulings on appellee's motions to exclude certain evidence, defenses, and counterclaims from the jury's consideration. In two issues, Slicker contends the trial court abused its discretion by striking her counterclaims and defenses and by proceeding on an untimely motion to exclude. We affirm the trial court's judgment.

## BACKGROUND

Leslie G. Martin, P.C. ("the Law Firm") filed a petition in intervention in the Slickers' divorce proceedings seeking attorney's fees incurred in representing Phyllis Slicker under a 2011 written fee agreement. Slicker[1] answered, asserting affirmative defenses and counterclaims including accord and satisfaction, denial of a sworn account, fraud, illegality, justification, offset, "no contract or ambiguity of contract," breach of fiduciary relationship, breach of contract, and deceptive trade practices.[2]

In the following months, the Law Firm served discovery requests on Slicker inquiring about the basis for her defenses and counterclaims as well as requesting information about Slicker's expert witnesses and other matters. The Law Firm attempted to depose Slicker, but Slicker and her attorney left the deposition before it was completed, contending that the Law Firm's attorney was "not follow[ing] the Rules and ask[ing] straight questions." Although Slicker responded to the Law Firm's initial disclosure requests, her responses were lacking information required by the rules of civil procedure. After unsuccessful attempts to obtain complete

---

[1] Further references to "Slicker" are to Phyllis Slicker only; William Slicker has not filed a brief or otherwise participated in this appeal.

[2] Slicker later added counterclaims for negligence and usury in a pleading that is not included in the appellate record. As we discuss below, these counterclaims were addressed in the Law Firm's motions to exclude and were considered by the trial court at the hearing.

disclosure responses from Slicker, the Law Firm served interrogatories and requests for production. Slicker did not answer them.

Slicker filed a motion for protective order on October 7, 2019, contending that the Law Firm's discovery requests were untimely and unduly burdensome. The following day, the Law Firm filed a motion to compel. An associate judge heard the motions on October 24. The court granted the Law Firm's motion and denied Slicker's, ordering Slicker to "serve written responses and produce responsive documents without objection" to the Law Firm no later than 5:00 p.m. on October 29, 2019. The order also provided:

> Should Phyllis Slicker fail to provide written responses and responsive documents by the date and time above, Phyllis Slicker shall be prohibited from supporting or opposing designated claims or defenses, from introducing designated matters into evidence, and [the Law Firm's] designated facts in its pleadings shall be taken to be established for the purposes of this action pursuant to Rule 215.2(b)(3) and (4).

Slicker served additional responses by the designated deadline, but did not produce any documents. Instead, she referred the Law Firm to her trial exhibits, but did not explain which exhibits might be responsive to any particular request. Nor did her interrogatory responses reveal the factual bases for her claims. In a "summary statement," she generally referred the Law Firm to her pleadings on file and to her trial exhibits, otherwise citing only the Law Firm's failure to "achieve[ ] a favorable result" in her divorce.

The case proceeded to trial the following week. On the morning of trial, the Law Firm filed two motions. In the first motion, the Law Firm sought to exclude

testimony from lay and expert witnesses for whom Slicker had failed to provide requested information in discovery. In the second motion, the Law Firm sought to exclude "certain affirmative defenses, verified defenses, and counterclaims" about which Slicker had failed to answer specific discovery requests. After hearing extended argument on the motions, the trial court granted them on the record and then by written orders. A jury was empaneled and made findings in favor of the Law Firm. The trial court rendered judgment for the Law Firm, specifically incorporating its prior "rulings to exclude certain witnesses, evidence, and claims." This appeal followed.

## DISCUSSION

Slicker's first issue challenges the substance of the trial court's rulings on the Law Firm's motions to exclude. Her second issue challenges the trial court's decision to hear the motions on the morning of trial. We address the issues in reverse order, considering the trial court's decision to proceed with the motions before reviewing the substance of its rulings.

### 1. Notice of hearing on motions to exclude

Citing civil procedure rule 21, Slicker contends the trial court erred by hearing and ruling on the Law Firm's motions that were filed on the morning of trial. Rule 21(b) provides that "[a]n application to the court for an order and notice of any hearing thereon, not presented during a hearing or trial, must be served upon all other

–4–

parties not less than three days before the time specified for the hearing, unless otherwise provided by these rules or shortened by the court." TEX. R. CIV. P. 21(b).

A trial court's action in conducting a hearing on a motion before the rule 21 notice period has expired will not be disturbed on appeal absent an abuse of discretion. *Massingill v. Swanner*, No. 05-04-00918-CV, 2005 WL 518965, at *1 (Tex. App.—Dallas Mar. 7, 2005, no pet.) (mem. op.) (citing *Magnuson v. Mullen*, 65 S.W.3d 815, 824 (Tex. App.—Fort Worth 2002, pet. denied)). "In exercising its discretion to shorten the rule 21 notice period, the trial court is free to examine and determine the circumstances present in each particular case." *Id.* The trial court did so here, noting on the record its reliance on the following facts:

- the Law Firm filed a motion to compel on October 8 addressing the same matters—Slicker's failures to respond to discovery—that were the basis for the motion to exclude,

- the motion to compel was heard by an associate judge on October 24, "13 days prior to the trial setting,"

- on October 24, "the Court at that time compelled—by way of order compelled the production of certain documentary evidence and the supplementation of the same and gave the parties until October 29th to comport and to comply with that court order,"

- there was no appeal of the associate judge's ruling or the deadlines imposed in the October 24 order,

- it would have been "almost impossible" for the Law Firm to have obtained a hearing between October 29, when it received Slicker's deficient responses, and the November 6 trial date in any event, and

- the Law Firm's motion reflected its previous attempts to resolve the problems addressed in the motion, so that "the complained of issue that's

before the Court could have been rectified based upon notice some time back in July and again it looks like in early October, but it was not."

We also note that Slicker requested a jury trial, and the trial court could have concluded that hearing and resolving the motions before the jury was empaneled would streamline the presentation of evidence and avoid jury confusion. *See, e.g., King Fisher Marine Serv., L.P. v. Tamez*, 443 S.W.3d 838, 843 (Tex. 2014) (trial court has inherent power to control disposition of cases and great discretion over conduct of trial); *see also* TEX. R. EVID. 103(d) ("To the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means."). Under these circumstances, we cannot conclude that the trial court abused its discretion by hearing and ruling on the Law Firm's motion to exclude on the morning of trial. *See Massingill*, 2005 WL 518965, at *2. We decide Slicker's second issue against her.

## 2. Exclusion of defenses and counterclaims

In her first issue, Slicker contends the trial court abused its discretion by striking her counterclaims and defenses under civil procedure rule 215.2(b). *See* TEX. R. CIV. P. 215.2(b). We review a trial court's ruling on a motion for sanctions for an abuse of discretion. *Cire v. Cummings*, 134 S.W.3d 835, 838 (Tex. 2004). The test for an abuse of discretion is whether the trial court acted without reference to guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). We will reverse a trial court's sanctions order only if the ruling was arbitrary or unreasonable. *See id.* As this Court recently explained,

–6–

A ruling is arbitrary or unreasonable if the sanctions imposed do not further one of the purposes of discovery sanctions, namely, to secure the parties' compliance with discovery rules, to deter other litigants from violating the discovery rules, and to punish parties [who] violate the discovery rules. Moreover, there must be a direct relationship between the offensive conduct and the sanction imposed, and the sanction imposed must not be excessive. . . .

In our review, we consider the entire record, including the evidence, counsels' arguments, the circumstances surrounding the offending party's discovery abuse, and all of the offending party's conduct during the litigation. We view the evidence in the light most favorable to— with all reasonable inferences drawn in support of—the trial court's ruling.

*Duncan v. Park Place Motorcars, Ltd.*, 605 S.W.3d 479, 488 (Tex. App.—Dallas 2020, pet. withdrawn) (citations omitted).

Texas Rule of Civil Procedure 215.2 authorizes the trial court to impose sanctions if it finds a party is abusing the discovery process. TEX. R. CIV. P. 215.2; *Duncan*, 605 S.W.3d at 487. Among other things, permissible sanctions include disallowing further discovery, striking the offending party's pleadings, refusing to allow the offending party to support or oppose designated claims or defenses, prohibiting the offending party from introducing designated matters into evidence, charging all or any portion of the discovery expenses or taxable court costs against the offending party, dismissing the action with or without prejudice, rendering judgment by default, and entering an order that designated facts shall be taken to be established. TEX. R. CIV. P. 215.2(b); *Duncan*, 605 S.W.3d at 487–88.

Slicker argues that the court erred by failing to consider lesser sanctions and by failing to assess whether Slicker's claims and defenses were meritorious. She

contends there was not a direct relationship between the offensive conduct and the sanctions imposed. She also complains that the Law Firm could have "proceed[ed] on the documents tendered" by Slicker as trial exhibits, and she concludes that the sanctions were excessive. We disagree.

On the morning of trial, the proceedings began with a hearing on the Law Firm's motion to exclude witnesses. The Law Firm's counsel described her unsuccessful efforts to obtain the disclosures required under civil procedure rule 194.2(f)[3] for the expert witnesses Slicker had designated. Slicker's initial disclosure responses listed only the names of two experts—her attorney "as to attorney fees incurred," and "Honorable Sean Finn . . . Legal malpractice claim"—without further identifying or substantive information. Beginning in June 2019 and culminating in the court's order compelling discovery in October 2019, the Law Firm sought to obtain further information about Slicker's expert witnesses as required by the rules. At the hearing, Slicker's counsel stated that Finn would not be called as a witness, and conceded that he provided only some of the information required under rule 194.2(f) regarding his own testimony and did not supplement the answer. Consequently, the trial court ruled that Slicker's counsel was excluded from testifying at trial.

---

[3] Civil procedure rule 194.2 was amended effective January 1, 2021, and provisions regarding expert disclosures and reports are now found in rule 195.5. The former text applied in these proceedings that occurred in November 2019. *See* Misc. Docket No. 20-9153 at 12–14 (Tex. Dec. 23, 2020) (former rule text and amendments). Citations in this opinion are to the former rule.

The court then considered the Law Firm's motion to exclude evidence of the specific defenses and counterclaims that Slicker had pleaded. The Law Firm contended that Slicker had failed to provide responses to the Law Firm's discovery requests directed to the affirmative defenses and counterclaims Slicker pleaded, including the defenses of accord and satisfaction, denial of a sworn account, fraud, illegality, justification, offset, and "no contract or ambiguity of contract," and counterclaims for negligence, breach of fiduciary relationship, breach of contract, usury, and deceptive trade practices. The court requested that counsel address each defense and counterclaim "one at a time" to allow Slicker's counsel to explain what responsive information had been produced in discovery. Counsel, however, maintained that documents responsive to all of the discovery requests had been marked as exhibits and were included in the exhibit binder he had prepared and brought to trial. He argued that he had complied with the order granting the Law Firm's motion to compel by responding to each document request with an instruction to "see attached"—referring to the trial exhibit binder—and without explaining or referencing which exhibit might be responsive to the particular request. When asked by the court to identify which of the exhibits were responsive to particular requests, counsel referred to "the entire exhibit book" as the response.

The trial court then returned to its consideration of each defense and counterclaim. As well as the Law Firm's more general complaint that Slicker failed to identify particular documents in response to specific requests, the trial court heard

additional arguments germane to certain issues, such as whether Slicker's denial of the Law Firm's sworn account was properly verified and whether any expert had been identified to testify in support of her professional negligence claims. On appeal, Slicker does not address these additional arguments or challenge the trial court's ruling striking any particular counterclaim or defense. She argues only that the sanctions were excessive, lesser sanctions were not attempted first, and in any event, she produced documents as ordered.

Civil procedure rule 196.3(c) requires a party responding to production requests either to produce documents "as they are kept in the usual course of business" or to "organize and label them to correspond with the categories in the request." TEX. R. CIV. P. 196.3(c); *see also Porretto v. Tex. Gen. Land Office*, 448 S.W.3d 393, 403 (Tex. 2014) (upholding sanction where responding party did not comply with either of rule 196.3's options). There is no indication in the record that Slicker's exhibit book met either requirement.

Exhibit 6 to the Law Firm's motion to exclude is an email exchange between counsel on the subject. The Law Firm's counsel, Leslie Hope, emailed Mike Thomas, Slicker's counsel, to inquire, "All of the responses say "See Attached"— nothing is attached. Where are all the documents?" Thomas replied, "The documents are in the exhibit list I sent in the first email." Hope then responded with a request to "identify which documents you say are responsive to each request for production." At the pretrial hearing on the Law Firm's motion to exclude, counsel explained that

when she contacted Thomas's office for clarification, a legal assistant told her that the documents were attached to the exhibit list that was filed with the court on the same day. The exhibits, however, were not marked as required by the court's pretrial order, so counsel was unable to discern which documents corresponded to the exhibit list. Counsel also argued that the only documents produced were those that Slicker intended to use at trial, not documents responsive to the production.

Although Slicker's responses were made a part of the appellate record—showing "see attached" as the response to each request—there are no attachments included in the appellate record. Her responses do not indicate how the attachments are organized. Nor does Slicker argue that she produced the documents in accordance with either of rule 196.3(c)'s options. Slicker was not required to create indexes, to reduce information to tangible form, or to organize her production according to the Law Firm's preferences. *See McKinney v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 772 S.W.2d 72, 73 n. 2 (Tex. 1989) (rule governing requests for production "cannot be used to force a party to make lists or reduce information to tangible form"). She was, however, required to comply with rule 196.3(c) and choose one of its two options for her production. *See Poretto*, 448 S.W.3d at 403; *see also In re Bilfinger Westcon, Inc.*, No. 13-19-00466-CV, 2019 WL 6795870, at *10 (Tex. App.—Corpus Christi-Edinburg Dec. 12, 2019, orig. proceeding) (mem. op.) (collecting cases for proposition that trial court does not abuse its discretion by

requiring responding party to organize document production by general category or by identifying the documents responsive to each request).

Further, Slicker was required to "make a complete response" to the requests. TEX. R. CIV. P. 193.1. Rule 193.1 requires that "The responding party's answers, objections, and other responses must be preceded by the request or required disclosure to which they apply." *Id.*; *see also In re Hite*, No. 12-18-00121-CV, 2018 WL 2715300, at *3 (Tex. App.—Tyler June 6, 2018, orig. proceeding) (mem. op.) ("Requiring Hite to provide specific delineation of which documents respond to which request is, therefore, authorized by the rules of civil procedure, and is not tantamount to an improper discovery order that imposes more onerous requirements than the rules permit, such as an order requiring the creation of a document that does not already exist."). Slicker's repeated "see attached" response to each request without identifying the corresponding documents was insufficient under both rules 193.1 and 196.3.

When questioned by the trial court about the document production, counsel confirmed that Slicker's entire document production consisted of the exhibits she planned to use at trial. Counsel did not contend that the documents were produced as they were kept in the usual course of business. The exhibits were Bate stamped, but counsel did not indicate which Bates numbers corresponded to any of the requests, even when invited to do so by the trial court at the hearing.

We conclude the trial court did not abuse its discretion in its rulings granting the Law Firm's motions to exclude evidence, for several reasons. First, the record reflects that the Law Firm had been seeking to obtain basic disclosures and documents supporting Slicker's affirmative defenses and counterclaims for months before filing its motion to compel, but its efforts to obtain disclosure responses or supporting testimony from Slicker by deposition were unsuccessful.

Second, the trial court provided notice to Slicker that sanctions could be imposed if she failed to comply with its order compelling discovery, and gave Slicker additional time to comply. In its order granting the Law Firm's motion to compel, the trial court put Slicker on notice that she would be "prohibited from supporting or opposing designated claims or defenses" and from "introducing designated matters into evidence" should she fail to comply with the order.

Third, the record reflects that despite this warning, Slicker failed to provide the required disclosures for her expert witnesses. She failed to identify facts supporting her defenses and counterclaims in response to the Law Firm's interrogatories. She failed to respond to the Law Firm's requests for production, instead proffering only her trial exhibits, which may or may not have included all documents responsive to the Law Firm's requests. And she failed to identify which exhibits were responsive to any particular request, even when given the opportunity to do so by the trial court.

Fourth, the trial court could also have taken into consideration that documents were being produced for the first time one week prior to the specially-set jury trial date, and only after the trial court granted the Law Firm's motion to compel.

After considering the entire record in the light most favorable to the trial court's ruling, including the evidence, counsel's arguments at the pretrial hearing, and Slicker's failures to timely respond to basic discovery to support her claims and defenses, we conclude that the trial court was within its discretion to exclude the witnesses, documents, defenses, and counterclaims from evidence at trial. *See Duncan*, 605 S.W.3d at 488; TEX. R. CIV. P. 215.2(4) (permitting trial court to make orders "refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters into evidence"). We decide Slicker's first issue against her.

## CONCLUSION

The trial court's judgment is affirmed.


191553f.p05

/Leslie Osborne//
_____
LESLIE OSBORNE
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

PHYLLIS SLICKER, Appellant

No. 05-19-01553-CV     V.

WILLIAM SLICKER AND LESLIE
G. MARTIN, P.C., Appellees

On Appeal from the 330th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DF-11-15742.
Opinion delivered by Justice
Osborne. Justices Schenck and
Partida-Kipness participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Leslie G. Martin, P.C. recover its costs of this appeal from appellant Phyllis Slicker.

Judgment entered this 2nd day of August, 2022.