F. E. SANDS et al., Appellants,

v.

C. N. COOKE et al., Appellees.

No. 14096.

Court of Civil Appeals of Texas.

San Antonio.

May 8, 1963.

Rehearing Denied June 5, 1963.

---

Butler & Stone, Robstown, for appellants.

Keys, Russell, Keys & Watson, Corpus Christi, for appellees.

POPE, Justice.

This is an intersection collision case. F. E. Sands and Lemar Stewart, individually and for their wives, sued C. N. Cooke, d/b/a Cooke Farms and Ranch, and Rudolph Diaz Rena. The jury found Sands, the driver of one vehicle, guilty of contributory negligence and denied recovery to him and his wife. A small judgment for Stewart and his wife was rendered. Sands urges on appeal that there is no evidence of contributory negligence, and if there be any the verdict is against the great weight of the evidence. Both Sands and Stewart urge that the trial court erred in making a comment to the jury. We affirm the judgment.

■ The jury found that plaintiff Sands failed to keep a proper lookout and that this proximately caused the accident. The evidence showed that Sands was going west on a freeway at night, that defendant Rena drove defendant Cooke's truck and trailer northward across the freeway, and Sands drove into the side of the truck. There was evidence that Rena stopped before entering the south lane of the freeway at a stop sign, and that he then proceeded across the freeway. There was evidence that special tests were made using the same truck and trailer, and that they were visible to Sands for more than half a mile. They could positively be seen and identified at a minimum distance of 412 feet. There was nothing to obstruct Sand's vision. Plaintiff Sands stated that he saw the truck and trailer before they reached the lane in which he was driving. There were other facts. In our opinion, there was evidence which supports the verdict and the findings are not against the great weight of the evidence.

■ At 4:40 in the afternoon during one day of the trial, Sand's counsel asked for an early recess. There had been evidence that the wives of the two plaintiffs were both interested in and raised orchids and flowers prior to their injuries, and were no longer able to enjoy those activities. The trial court in granting the request, it being a cold day, stated to the jury: "We will recess then a little early. Some of you may want to look after your flowers and petunias or whatever you might have because it is getting cold outside, and so we will recess until 9:30 tomorrow morning." There was no objection to the remark. The complaint is that the comment disparaged plaintiffs' cause of action. This Court once wrote that a "judge is necessarily allowed some discretion in expressing himself while controlling the trial of a case, and a reversal of a judgment should not be ordered

unless a showing of impropriety, coupled with probable prejudice, is made." Texas Mexican R. Co. v. Bunn, Tex.Civ.App., 264 S.W.2d 518, 527. We find no harm in the statement.

The judgment is affirmed.