**WASHINGTON NATIONAL INSUR-
ANCE CO., Appellant,**

v.

**Gladys M. REED et vir, Appellee.**

**No. 4935.**

Court of Civil Appeals of Texas, Waco.

Jan. 14, 1971.

---

1. See Hammer v. Dallas Transit Co., 400 S.W.2d 885 (Tex.1966).

Robert D. Brewton, Navasota, for appellant.

Roger Knight, Jr., Madisonville, for appellee.

## OPINION

WILSON, Justice.

Plaintiffs brought this action to recover on a life insurance policy issued by appellant insurer on the life of a deceased infant. The jury found the child was in sound health on the date of issuance of the policy, July 10. If the insured was not in sound health on the policy date recovery on the policy would be avoided under its terms.

The chief issues are whether there was no evidence or insufficient evidence to sustain the jury finding, on which appellant had the burden, that insured was in sound health.

The insured child was born January 7. On June 27 the mother took the sick baby to her personal physician who had delivered the infant. He testified he then discovered the child had congenital heart disease. The condition, in that doctor's opinion, existed since birth. On July 21 the mother took the child, very sick, to another doctor, who discovered with the aid of x-rays, it was testified, the existence of congenital heart disease. Ten days later the baby was taken to the University of Texas Medical Branch hospital in Galveston where, on November 17, it died of congestive heart failure due to congenital heart disease.

The contention that there is no evidence of probative force to sustain the verdict is persuasive, but is overruled. The evidence pointed to by appellees is that of the negro mother who testified this baby looked as normal as her other babies. She said "as far as she knew" the baby was not a mongoloid, did not turn blue or gasp for breath, and "looked fine to me". On cross-examination appellee's counsel elicited that the doctors "could not swear" that the condition existed on the policy date or at birth, and that persons may have a congenital abnormal "defect" and still be in sound health and live with congenital "problems". The record is replete with inadmissible conclusions, admitted over objection, which we have disregarded.

We sustain appellant's points that the jury finding is contrary to the overwhelming preponderance of the evidence, applying the rules summarized in Great American Reserve Ins. Co. v. Britton (Tex.Sup.1966) 406 S.W.2d 901; and that the evidence is insufficient to support it.

There was admitted in evidence the hospital records of the University of Texas Medical branch pertaining to the baby's two admissions, which recited congenital heart disease, enlarged heart, systolic murmur, a ventricular heave, Down's syndrome, mongoloid condition, and described the course of treatment. These records were admitted over appellee's objection that no predicate had been established to qualify the records for admission in evidence under the Business Records Act, Art. 3737e, Vernon's Ann.Tex.Civ.St. The objection was overruled. No attempt was made to comply with the requirements of the statute, and the objection should have been sustained. We have consequently not considered these records in passing on the foregoing points.

It is not necessary to pass on appellant's points as to side-bar remarks, the court's comment, and attorney's fees. All other points are overruled.

Reversed and remanded.