**Travis HEARN et al., Appellants,**

v.

**Paula ELLIS et al., Appellees.**

**No. 7506.**

Court of Civil Appeals of Texas, Beaumont.

Dec. 27, 1973.

Chandler & Weed, Lufkin, for appellant.

Wm. Drew Perkins, Lufkin, for appellees.

STEPHENSON, Justice.

This is an action for damages for personal injuries resulting from an automobile collision. Trial was by jury and judgment rendered for defendants on the verdict. The parties will be referred to here as they were in the trial court or by name.

Plaintiff, Zelda Hearn, was the driver of one of the automobiles and defendant, Paula Ellis, a minor, was the driver of the other. The jury failed to find Paula Ellis negligent in any respect. They found Zelda Hearn failed to yield the right-of-way and that such failure was a proximate cause of the collision in question. The jury also found Zelda Hearn was in a position of peril, that Paula Ellis discovered that Zelda Hearn was in such position of peril and realized that she probably would not extricate herself, but failed to find that such discovery and realization were in time for Paula Ellis to avoid the occurrence in question by the exercise of ordinary care in the use of the means available to her, consistent with her own safety and the safety of her vehicle. Plaintiffs have points of error that there is no evidence and insufficient evidence to support that last answer of the jury, and that such answer is contrary to the great weight and preponderance of the evidence. We pass upon the no-evidence point by considering only the evidence favorable to such answer, and then pass upon the other two points of error by considering the entire record.

The evidence shows this collision occurred about 6 p. m., February 29, 1972, on Denman Avenue in the city of Lufkin. Denman Avenue is a four-lane thoroughfare, and this collision occurred in one of the outside lanes when the automobile driven by Paula Ellis ran into the rear end of the automobile driven by Zelda Hearn. Paula Ellis had been driving on Denman Avenue for some distance, and Zelda Hearn had stopped at a stop sign at Denman Avenue and then turned right into the same lane of traffic in which Paula Ellis had been driving. The controversy is whether or not Paula Ellis discovered Zelda Hearn's perilous position in time to avoid the collision.

Paula Ellis testified: She was leaving the school grounds and was driving home when this collision occurred. She turned on to Denman Avenue from the school grounds; first, into the inside lane and, then, changed lanes into the outside lane. She saw the Hearn automobile when it came up to Denman and stopped. She

then saw the Hearn car pull out into Denman, into the outside lane. She was looking right in front, and she got on her brakes as quick as she could. She hit her brakes immediately after she saw the Hearn car was going to pull out in front of her. She then honked her horn and swerved to her left. She hit the left rear of the Hearn car with the middle and right side of her car. Leo Bradberry testified. He was a City Policeman and investigated this collision. He found debris and the point of impact to be within the intersection of Denman and the street from which Mrs. Hearn had turned. In his opinion, the collision occurred when Mrs. Hearn had almost completed her turn and was at about a 45 degree angle. He found the damage to the Hearn car to be to the left rear and to the right front of the Ellis car. All of this testimony supports the answer of the jury in failing to find that Paula Ellis discovered and realized the perilous position of Mrs. Hearn in time to avoid the collision.

There is evidence that would have supported a different finding including statements made by Paula Ellis as to distances and lengths of time. Mrs. Hearn gave an entirely different account as to how and where the collision occurred. An expert witness called by plaintiffs gave testimony as to various tests made by him as to stopping distances at certain speeds. However, this evidence did no more than raise questions of facts for the jury to determine, which it did adversely to plaintiffs. The points of error are overruled.

Plaintiffs have a point of error that the trial court erred in commenting on the weight of the evidence. The expert witness called by plaintiffs had given testimony that he had made some photographs of the collision scene. Eight of these pictures were offered in evidence; and, upon objection, one was excluded. Plaintiffs' counsel then offered two photographs of the rear end of plaintiffs' car which were admitted. Counsel then interrogated that same witness about three more pictures of the rear end of plaintiffs' car. When counsel began to ask questions about three additional pictures of plaintiffs' car, the following occurred:

"THE COURT: Counsel, unless there is something different I don't see any point in showing them to the jury. They have seen all of these one time unless there is something different.

"Q Well, your honor, it is in evidence and I would like—this is a little clearer, the point he was trying to make.

"THE COURT: I will allow him to hold it up and point it out to the jury but I prefer you not pass all of these back to the jury, counsel. That is overdoing it, I believe. You have already passed that one, all right.

"MR. GEORGE CHANDLER: Your honor, we are going to object to the comment on the weight of the evidence.

"THE COURT: All right. You may have your objection. There will be no more pictures shown here to the jury in regard to the bumper, to the trailer hitch, at this point.

"Q Do you have the photographs in front of you here—

"THE COURT: I might also instruct counsel to put them on the bar over there and not hand them to the jurors each time, as well."

The record before us contains ten pictures of the rear end of plaintiffs' car which were offered in evidence by plaintiffs and admitted by the court.

Apparently, the trial court did not prevent plaintiffs from offering in evidence all of the pictures they had, as no contention is made that any were excluded by the trial court. We take judicial knowledge of the fact that in most instances, when pictures are handed to the jury, the trial is halted until all twelve have seen the pictures. The trial court in

this instance told plaintiffs' counsel in effect that, even though he could continue to offer more pictures in evidence and have them identified by the witness, and also allow the witness to point the pictures out to the jury, that he should not pass the additional pictures to the jury unless they were different. A trial judge is vested with broad discretion in controlling a trial, and we find nothing in this record to show that the statement by the trial court violated that discretion. See: Best Investment Company v. Hernandez, 479 S.W.2d 759 (Tex.Civ.App., Dallas, 1972, error ref., n. r. e.); Sands v. Cooke, 368 S.W.2d 111 (Tex.Civ.App., San Antonio, 1963, no writ); Trinity Universal Insurance Company v. Jolly, 307 S.W.2d 843 (Tex.Civ. App., Austin, 1957, error ref., n. r. e.); Texas Mexican R. Co. v. Bunn, 264 S.W. 2d 518 (Tex.Civ.App., San Antonio, 1953, error ref., n. r. e.). In any event, we find no reversible error under Rule 434.

Plaintiffs' points of error as to the damage issue are immaterial inasmuch as the jury found against them as to the liability issues. They are overruled.

Affirmed.