**TEXAS EMPLOYERS INSURANCE ASSOCIATION, Appellant,**

v.

**Dersie DRAPER, Appellee.**

**No. 01–82–0855–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 11, 1983.

Daniel N. Lichty, Houston, for appellant.

Andrew Caplan, Houston, for appellee.

Before JACK SMITH, BASS and CO-HEN, JJ.

## OPINION

JACK SMITH, Justice.

This is a worker's compensation suit wherein the appellee, Dersie Draper, obtained a judgment for total and permanent disability. The appellant, Texas Employers Insurance Association, urges reversal, alleging nine points of error.

Dersie Draper is a 56-year old widower, who has worked as a laborer for N.L. Industries for over 27 years. Mr. Draper has a fourth grade education and admittedly cannot read well.

Mr. Draper testified that his job as a chemical mixer required extensive bending and lifting. On July 24, 1979, while Mr. Draper was attempting to move a scale on a pallet, the pallet broke. This caused the scale to fall back and Mr. Draper was thrown down. As a result of the accident, Mr. Draper stated he received injuries to his left shoulder, back and legs. His knee also became swollen.

Mr. Draper attempted to continue to work on the day of the accident, but because of the pain could not continue. He reported the accident to his supervisor who sent him to a medical clinic for examination. Mr. Draper then went to his family physician, who referred him to an orthopedic surgeon, Dr. Brodsky. Dr. Brodsky performed shoulder surgery on Mr. Draper and later placed him on an extensive physical therapy program for his back and shoulder. Mr. Draper testified that this therapy caused him to experience pain in the shoulder which Dr. Brodsky had not operated on. He stated that he had previously undergone surgery for cancer in that shoulder and attributed his discomfort to the therapy.

Notwithstanding Mr. Draper's discomfort, N.L. Industries informed him that Dr. Brodsky had released him to return to work. This notification was received on November 30, 1979, but Mr. Draper remained on sick leave until March 31, 1980. He returned to work when he was informed that he would be terminated if he failed to return.

Mr. Draper stated that he continued to suffer severe back pain, and that when Dr. Brodsky refused to render additional aid, he went to another orthopedic surgeon, Dr. Forbes. Dr. Forbes treated him for approximately one year but dismissed him as a patient when the appellant refused to pay additional costs.

Mr. Draper was then referred to Dr. De-Bender who diagnosed Mr. Draper's problem as a ruptured disc. In order to confirm his diagnosis, Dr. DeBender ordered a myelogram to be taken of Mr. Draper's back. Dr. DeBender testified that the myelogram indicated existence of a ruptured disc at the L5–S1 level.

Mr. Draper testified that although he was aware of his injury, and although Dr. De-Bender had advised him not to return to work, he returned to work at the end of March because he feared he would lose his job and because the appellant had discontinued his workers' compensation benefits and he desperately needed money.

By its first point of error, the appellant contends that there was no evidence or, alternatively, insufficient evidence to support the jury's findings that Mr. Draper was totally and permanently disabled. The appellant contends that a worker is not entitled to total and permanent disability unless he is disabled to such an extent that he cannot get and keep a permanent job. It argues that the fact that the appellee returned to work after his injury is inconsistent with the appellee's claim of total

incapacity. The appellant cites numerous cases to support its position.

The appellee responds by asserting that the fact that he was employed after the injury is merely a factor in determining the extent and duration of the disability and does not conclusively establish that the disability is neither total nor permanent. The appellee cites an equally lengthy line of cases to support his position.

■ There are two well-established rules that are generally applied when the sufficiency of the evidence is challenged. First, where the *legal* sufficiency of the evidence is challenged, the reviewing court must look only to that evidence that supports the jury's verdict, making all reasonable inferences in favor of the verdict and disregarding all evidence to the contrary. *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1975). Second, where the *factual* sufficiency of the evidence is challenged, the reviewing court must consider and weigh all of the evidence in the case. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (Tex.1951). *See generally,* Calvert, *No Evidence and Insufficient Evidence Points of Error,* 38 Tex.L.Rev. 361 (1960).

In applying these two rules to determine the sufficiency of the evidence, we will use the same definition of "total incapacity" that the trial court used in its charge to the jury. This definition was taken from the Texas Pattern Jury charges and states as follows:

> "TOTAL INCAPACITY" does not imply absolute inability to perform any kind of labor, but means that one is disabled from performing the usual task of a workman, not merely the usual tasks of any particular trade or occupation, to such an extent that he cannot get and keep employment.

■ When considering the appellant's claim that the evidence is legally insufficient to support the jury's finding of "total incapacity", we have only to look to the testimony of the appellee and Dr. John De-Bender. Each of these witnesses testified that in their opinion the appellant's injury was caused by the accident which occurred on July 24, 1979, that the appellant, qualified only to do manual labor, was no longer suited to do such labor because of the injury, and that the injury was permanent in nature. We find this evidence to be legally sufficient to support the jury's finding.

In considering the factual sufficiency of the evidence, the record reveals that Dr. Brodsky was of the opinion that his operation on the appellant was a success and that the appellant was a malingerer and had no injury to his back. The appellant's supervisor at work testified that the appellant was doing his work satisfactorily after he had returned to work but admitted that he only had an opportunity to observe the appellant for about one hour during an eight-hour shift. He further stated that the appellant worked on the shift he supervised only one-third of the time. Other evidence which the appellant asserts as the basis for the appellee not having a total and permanent injury is the fact that the appellee had returned to work for some period of time.

The evidence offered by the appellee to show that he was totally and permanently injured was his own testimony of continued back and leg pain and sometimes having to sleep in a reclining chair rather than a bed because of the pain. He testified that he could not do the heavy lifting required by his job. He also testified that he only returned to work because he was afraid he would lose his job and he was borrowing money to live on.

Dr. DeBender testified that the appellee could not perform work that required lifting, stooping, or bending. He stated that the appellee could not pass a pre-employment medical examination for any job that entailed physical labor. He was of the opinion that although an operation might ease Mr. Draper's pain, Mr. Draper would not be able to perform a job doing physical labor even if such an operation were successful.

■ We first observe that evidence that a claimant is working and earning money does not conclusively establish that a worker's disability is neither total nor per-

manent. The fact that an employee is working and earning money after sustaining a disabling injury is factual evidence to be taken into consideration by the jury in determining whether the worker is totally or permanently disabled. *International Ins. Co. v. Torres,* 576 S.W.2d 862 (Tex.Civ.App.—Amarillo 1979, writ ref'd n.r.e.); *Trinity Universal Ins. Co. v. Scott,* 342 S.W.2d 348 (Tex.Civ.App.—Fort Worth 1961, writ ref'd n.r.e.).

■ When all of the evidence is considered, it appears that there was sufficient factual evidence to sustain the jury's findings of total and permanent disability. The appellant's first point of error is overruled.

■ By its second point of error, the appellant contends that the court erred in excluding the radiology report of Dr. Fung. This was a report on a myelogram performed by Dr. Fung on Mr. Draper and it included an opinion by Dr. Fung.

The record reflects that Dr. Fung was not present to testify and that the appellant was attempting to have the medical report admitted as a business record under article 3737e, Texas Revised Civil Statutes. Dr. DeBender, who was present and testified, did not totally agree with the conclusions reached in Dr. Fung's report.

In *Loper v. Andrews,* 404 S.W.2d 300 (Tex.1966), the Texas Supreme Court held that a medical report prepared by one doctor, who was not present at trial, was inadmissible where the testifying doctor made different findings and conclusions. The facts of this case are similar to those of *Loper* and we are of the opinion that the trial court correctly excluded Dr. Fung's radiology report. The appellant's second point of error is overruled.

■ By its third point of error, the appellant contends that the trial court erred in excluding portions of Dr. Brodsky's deposition.

A hypothetical question was propounded to Dr. Brodsky during his deposition. The question included the opinion reached by Dr. Fung in his radiology report. At trial, when the appellant attempted to read the question and Dr. Brodsky's answer, the appellee objected that the question included facts not in evidence and called for hearsay. The objection was sustained. On appeal, the appellant alleges that the question and answer were improperly excluded because the appellee's objection went to the form of the question. The parties had agreed at the taking of the deposition that objections as to form of questions would be raised during the deposition or would be waived. Accordingly, the appellant now alleges that the objection was waived.

■ A hypothetical question must be based upon facts already in evidence. *Polasek v. Quinius,* 438 S.W.2d 828 (Tex.Civ.App.—Austin 1969, writ ref'd n.r.e.). The appellee's objection did not go to the form of the question but to its substance as Dr. Fung's report had not been admitted in evidence. The appellant's third point of error is overruled.

■ By its fourth point of error the appellant alleges that the court erred in excluding 31 pages from the office records of Dr. Bricker. The objection to the offer was that the exhibit did not have an affidavit attached as required by Article 3737e and that it did not contain the 62 pages as indicated. The appellant contends that the deposition on written answers of Dr. Bricker, together with attached records, was timely filed and that any objection as to form of such evidence should have been made in writing with notice to opposing counsel. The appellant claims that no such objection was made and was therefore waived.

The record reflects that the appellant did not offer the sixty-two page record with the 3737e affidavit attached. Under these circumstances, where the 3737e affidavit is not attached to the proffered evidence, the proper predicate for the business records has not been made and a hearsay objection is properly sustained. *See, Washington National Ins. Co. v. Reed,* 462 S.W.2d 633 (Tex.Civ.App.—Waco 1971, no writ). The appellant's fourth point of error is overruled.

■ By its fifth point of error the appellant contends that the court erred in excluding Dr. Brodsky's curriculum vitae. This exhibit summarized Dr. Brodsky's qualifications. The appellant argues that an expert witness's qualifications are relevant in connection with the weight the jury might give to the witness's testimony.

The appellant was allowed to read to the jury Dr. Brodsky's qualifications, in question and answer form, from the doctor's deposition. This evidence included his education, specialty, board certification and number of years in practice. Any information contained in the curriculum vitae was merely cumulative and we hold that its exclusion was harmless. The appellant's fifth point of error is overruled.

By its sixth point of error the appellant contends that because special issues two, five, and six were not predicated upon a finding of injury, their wording amounted to an improper comment upon the weight of the evidence. These special issues read as follows:

2. Was he injured in the course of his employment?

5. State whether the payment of compensation, if any, in weekly installments instead of a lump sum will result in manifest hardship and injury to Dersie Draper.

6. Did he reasonably require medical care as a result of his injury?

■ We initially observe that the appellee's testimony of how, when and where the injury occurred was not denied or controverted by the appellant. We therefore hold that since the evidence is uncontroverted that the appellee was injured in the course of his employment, it is immaterial whether special issue No. 2, inquiring into this matter, should be predicated upon a finding of injury.

■ As to issue number five concerning lump sum payment, there was no evidence to controvert the appellee's testimony that he was practically financially destitute. Therefore, even if it were the better practice to predicate the lump sum issue upon

an affirmative finding of injury, under the evidence in the present case, the failure to predicate appears to be harmless.

■ Likewise, the absence of a predication on the medical care issue appears to be harmless as there was no proffer of evidence to dispute the fact that the appellee received an injury. The appellant's sixth point of error is overruled.

By its seventh point of error, the appellant contends that the court improperly excluded the appellee's answer to an interrogatory. For purposes of context, the prior question and answer read:

Question: State whether you have ever had a claim for workman's compensation benefits?

Answer: After this accident, none.

Question: If so, give the dates of such claims and give the details surrounding such claims or law suits, including the part of your body you allege injury to.

At this point counsel was asked to approach the bench and the jury was retired from the courtroom. The court then advised counsel that such evidence had previously been the subject of a motion in limine which the Court had granted. The Court then explained that its prior ruling had been made on the basis of a Supreme Court opinion in the case of *Hartford Accident and Indemnity Co. v. McCardell,* 369 S.W.2d 331 (Tex. 1963), wherein the Supreme Court held that proof of prior compensation claims offered merely for the sake of proving prior claims is inadmissible evidence and was properly excluded.

The appellant asserts that the answer constituted an admission as to the length and extent of Mr. Draper's disability. The answer to the question posed was as follows: "8/21/79 and ended 11/30/79".

■ We first observe that the answer to the question is nonresponsive and apparently is a clerical error because in the prior question the appellee had answered that he had no claims for worker's compensation benefits after this accident. The appellant's assertion that the answer to the question is an admission as to the length

and extent of Mr. Draper's disability is mere conjecture at best. We further observe that the appellant did not establish the proper predicate of having the appellee deny some previous claim that might have contributed to his present disability. This predicate is necessary if evidence of prior claims are to be admitted for impeachment purposes. Thus, the general rule that prior worker's compensation claims offered for the sole purpose of proof of prior claims is not admissible applies to this case. *Hartford Accident and Indemnity v. McCardell, supra.*

Under the facts of the instant case we hold that the trial court properly excluded evidence of prior compensation claims by the appellee. The appellant's seventh point of error is overruled.

By its last two points of error, the appellant asserts that the trial court's comments to appellant's counsel prejudiced its cause before the jury, and caused a rendition of an improper verdict.

The appellant first complains that the court's accusation that counsel for the appellant was attempting to "sandbag" the court was improper and prejudicial. It next complains that the court informed the appellant's counsel that "he might not have much of a chance of winning the case but had every opportunity to lose it."

 The appellant has failed to offer evidence of probable prejudice. Further, counsel for the appellant failed to request instructions that the jury disregard the court's remarks. A judge is necessarily allowed discretion in expressing himself while controlling the trial of a case. Reversal of a judgment should not be ordered unless there is a showing of impropriety, coupled with probable prejudice, and the rendition of an improper verdict. *Sands v. Cooke,* 368 S.W.2d 111 (Tex.Civ.App.—San Antonio 1963, no writ); *Trinity Universal Ins. Co. v. Jolly,* 307 S.W.2d 843 (Tex.Civ.App.—Austin 1957 writ ref'd n.r.e.).

There is no record of the bench conference in which the court purportedly informed appellant's counsel that he might not have much of a chance of winning the case but had every opportunity to lose it. Therefore, there is no showing by the appellant of impropriety on the part of the court in regards to that statement.

As to the trial court's remarks that appellant's counsel was attempting to "sandbag" the court, a review of the records leads this court to the opinion that such remark was invited by counsel. Advocacy is an admirable trait in a trial attorney, however, to make a statement in open court which would tend to mislead a jury concerning the court's ruling is in our opinion an attempt to seek an unfair advantage. Although we are of the opinion that the use of the term "sandbag" by the court in the presence of the jury was improper, we hold that the appellant has failed to show harm or prejudice by the court's remarks. The appellant's eighth and ninth points of error are overruled.

The judgment of the trial court is affirmed.