**In the Interest of N.C.M., A Child.**

**No. 12–01–00008–CV.**

Court of Appeals of Texas, Tyler.

Dec. 5, 2001.

Douglas Scott Williams, Murchison, for appellant.

Virginia L. Schnarr, Tyler, Melanie P. Sarwal, Austin, Sarah R. Guidry, Houston, appellee.

Panel consisted of DAVIS, C.J., WORTHEN, J., and GRIFFITH, J.

PER CURIAM.

Appellant Laurie Myrick ("Myrick") appeals from a judgment entered after a jury verdict terminating her parental rights to her minor child, N.C.M. In one issue, Myrick complains that the trial court erred in admitting into evidence various business records offered by the Texas Department of Protective and Regulatory Services ("TDPRS"). We affirm.

## BACKGROUND

TDPRS filed an action seeking termination of Myrick's parental rights to her minor child, N.C.M., and requesting that TDPRS be appointed permanent managing conservator. Prior to calling its first witness, TDPRS offered into evidence twelve exhibits consisting of various business records. Myrick's counsel lodged several objections, including a general hearsay objection, to each exhibit. On appeal, Myrick contends the records were inadmissible because a business records affidavit was not attached to each exhibit when offered as evidence. However, Myrick's counsel did not specifically point out that omission to the trial court.

## STANDARD OF REVIEW

We review a trial court's evidentiary rulings for abuse of discretion. *Owens–Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex.1998). A trial court abuses its discretion when it acts without regard for any guiding principles. *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 754 (Tex.1995). If we determine the evidence was improperly admitted, we will not reverse unless the ruling probably caused the rendition of an improper judgment. TEX.R.APP. P. 41.1(a); *Owens–Corning Fiberglas Corp.*, 972 S.W.2d at 43.

### ADMISSIBILITY OF THE EVIDENCE

Properly authenticated records of regularly conducted business activity can be admitted into evidence as an exception to the hearsay rule. TEX.R. EVID. 803(6). The foundation for admission may be established by testimony of the custodian or other qualified witness or by an affidavit that complies with TEX.R. EVID. 902(10). *Id.* If an affidavit is used, a business record is self-authenticated, provided that the record to be introduced and the affidavit are filed with the trial court at least fourteen days before trial and all parties are given prompt notice of the filing. TEX.R. EVID. 902(10)(a).

The plain language of Rule 902(10)(a) does not require that the affidavit be attached to a business record when the exhibit is offered into evidence. However, Myrick contends such a requirement exists, citing *Washington National Ins. Co. v. Reed*, 462 S.W.2d 633 (Tex.Civ.App.—Waco 1971, no writ) and *Texas Employers Ins. Ass'n v. Draper*, 658 S.W.2d 202, 207 (Tex.App.-Houston [1st Dist.] 1983, no writ).[1] After reviewing both cases, we believe that neither supports Myrick's argument.

In *Reed*, the trial court admitted hospital records into evidence over an objection that the proper predicate had not been established. The court of appeals reversed the lower court's ruling because "[n]o attempt was made to comply with the requirements of [article 3737e]." *Reed*, 462 S.W.2d at 634. From that language, we conclude the offering party neither filed the records and accompanying affidavit prior to trial nor called a qualified witness to establish the foundation for ad-

mission of the records at trial. In this case, however, Myrick concedes that "each [of the twelve exhibits] was within reports filed by appellee prior to trial in the form of business record affidavits in compliance with Texas Rules of Evidence 902." Thus, the holding in *Reed* is inapplicable to the facts in this case.

In *Draper*, the appellant filed a deposition on written questions that included office records as an attachment. Although the deposition authenticated sixty-two pages of records, only thirty-one pages were actually attached. The appellee objected to the admission of the thirty-one pages at trial because the affidavit required by article 3737e was not attached and because the total number of pages was incorrectly stated in the deposition. The appellant contended the appellee's objection had been waived because the records were filed with the court prior to trial and no objection had been made by the appellee. The trial court disagreed and excluded the records.

The court of appeals affirmed, citing *Reed*, and stated that the hearsay objection was properly sustained because the 3737e affidavit was not attached to the proffered evidence. *Draper*, 658 S.W.2d at 207. From our reading of the opinion, we conclude the rationale for the court's holding was the discrepancy between the number of pages filed with the deposition and the number offered into evidence at trial. However, Myrick does not claim any such discrepancy existed in the case at bar, and therefore the holding in *Draper* is also inapplicable.

Because neither the plain language of Rule 902(10)(a) nor the cases cited by Myrick support her argument,[2] we

---

1. Both cases were decided under TEX.REV.CIV. STAT. ANN. 3737e (repealed 1983), which was the predecessor to Rule 902. The requirement for authentication of business records

such as those in the case at bar is the same in both rules.

2. In our review of Texas law, we found no cases that impose the requirement asserted by

hold that the trial court did not abuse its discretion in admitting the business records proffered by TDPRS. However, even if the rule were as Myrick contends, we conclude that she failed to properly preserve her error at trial.

 To preserve a complaint for appellate review, a party must state an objection clearly and with sufficient specificity to make the trial court aware of the particular grounds for the complaint. Tex. R.App. P. 33.1(a); *McKinney v. Nat'l Union Fire Ins. Co.*, 772 S.W.2d 72, 74 (Tex. 1989). A specific objection is one that enables the trial court to understand the precise grounds so as to make an informed ruling and affords the offering party an opportunity to remedy the defect, if possible. *McKinney*, 772 S.W.2d at 74.

The record reveals that the first exhibit offered into evidence by counsel for TDPRS was a psychological evaluation on the child. At the time of the offer, counsel informed the court that the exhibit had "been on file by business record affidavit." Myrick's counsel made a hearsay objection, which the court overruled after verifying that the exhibit and a business records affidavit had been filed with the court more than fourteen days prior to trial.

Counsel for TDPRS then offered each of the remaining exhibits into evidence, and Myrick's counsel made hearsay objections to each. With each offer, counsel for TDPRS informed the court that the exhibit and a business records affidavit had been timely filed with the court. At no time did Myrick's counsel state that the basis of his hearsay objection was the failure of TDPRS to attach an affidavit to the

exhibits offered into evidence.[3] Under those circumstances, a general hearsay objection was insufficient to inform the court of the specific grounds for his objection or to preserve the error Myrick now asserts on appeal. Accordingly, we overrule the issue presented by Myrick.

The judgment of the trial court is *affirmed.*

---

Myrick.

**3.** Myrick's counsel made several statements that indicated his objection was unrelated to the affidavit. For example, when the court ruled the first exhibit was admissible, Myr-

ick's counsel stated: "I believe that even though it's been verified through a business records affidavit, I would have some questions as to the statements contained in here being reliable."