

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-09-418-CV

RONALD WESTON                                          APPELLANTS
AND SUK WESTON

V.

OWEN MARK ALLISON                                      APPELLEE

------------

FROM THE 48TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. Introduction

Appellants Ronald Weston and Suk Weston appeal from the judgment entered against them, following a bench trial, in their lawsuit against Appellee Owen Mark Allison for adverse possession and private nuisance. In two issues, the Westons contend that the trial court abused its discretion by denying their motions for

---

[1] *See* Tex. R. App. P. 47.4.

continuance and by acting in an unreasonable, prejudicial, and arbitrary manner against them. We affirm.

## II. Factual and Procedural Background

The Westons sued Allison in April 2007 for adverse possession and private nuisance. The Westons alleged that they had constructed a fence over a portion of Allison's property in 1984 and that condition on Allison's property was a private nuisance. Allison filed a counterclaim, seeking a permanent injunction against the Westons and exemplary damages. The Westons were initially represented by counsel, but they terminated their attorney and appeared at trial pro se. Following a bench trial, the trial court entered a judgment that the Westons and Allison take nothing on their respective claims and that the Westons bear all costs of court.

## III. Alleged Denial of Motions for Continuance

The Westons contend in their second issue that the trial court abused its discretion by failing to grant their motions for continuance because they had subpoenaed three key witnesses who did not appear for trial. Allison responds that the Westons never asked or moved for a continuance.

To preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a). If a party fails to do this, error is not preserved, and the complaint is waived. *Bushell v. Dean*, 803 S.W.2d 711, 712

2

(Tex. 1991) (op. on reh'g).  The objecting party must get a ruling from the trial court.

Tex. R. App. P. 33.1(a)(2), (b).  This ruling can be either express or implied.  *Id.*;

*Frazier v. Yu*, 987 S.W.2d 607, 610 (Tex. App.—Fort Worth 1999, pet. denied).  If

the trial court refuses to rule, an objection to the refusal to rule is sufficient to

preserve error.  Tex. R. App. P. 33.1(a)(2).

Here, the Westons contend that they twice orally requested that the trial court

continue the trial to permit them to procure the attendance of three "key" witnesses.

But a motion for continuance must be in writing.  *See Green v. Tex. Dep't of Prot. &*

*Reg. Servs.*, 25 S.W.3d 213, 218 (Tex. App.—El Paso 2000, no pet.); *Favaloro v.*

*Comm'n for Lawyer Discipline*, 13 S.W.3d 831, 838 (Tex. App.—Dallas 2000, no

pet.); *see also* Tex. R. Civ. P. 251, 252.  An oral request for a continuance does not

preserve error.  *Phifer v. Nacagdoches Cty. Cent. Appr. Dist.*, 45 S.W.3d 159, 173

(Tex. App.—Tyler 2000, pet. denied).  The Westons do not contend that they filed

written motions for a continuance, and the appellate record does not contain any

written motions for a continuance.  Therefore, the Westons have not preserved their

complaint for appellate review.[2]  *See id.*  We overrule the Westons' second issue.

### IV.  Alleged Bias Against Appellants

---

[2] ... Although they are represented by counsel on appeal, we note that the Westons terminated their attorney and chose to proceed pro se in the trial court.  Pro se litigants are held to the same standards as licensed attorneys; they must comply with all applicable rules of procedure.  *Clemens v. Allen*, 47 S.W.3d 26, 28 (Tex. App.—Amarillo 2000, no pet.); *Chandler v. Chandler*, 991 S.W.2d 367, 378–79 (Tex. App.—El Paso 1999, pet. denied), *cert. denied*, 529 U.S. 1054 (2000).

The Westons contend in their first issue that the trial court abused its discretion by acting in an unreasonable, prejudicial, and arbitrary manner against them during the bench trial.

"Texas courts have held that 'the discretion vested in the trial court over the conduct of a trial is great.'" *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 240 (Tex. 2001) (quoting *Schroeder v. Brandon*, 141 Tex. 319, 325, 172 S.W.2d 488, 491 (1943)). "[A] trial court may properly intervene to maintain control in the courtroom, to expedite the trial, and to prevent what it considers to be a waste of time." *Id.* at 240–41 (citing *Hoggett v. Brown*, 971 S.W.2d 472, 495 (Tex. App.—Houston [14th Dist.] 1997, no pet.) and *Great Global Assurance Co. v. Keltex Props., Inc.*, 904 S.W.2d 771, 777 (Tex. App.—Corpus Christi 1995, no writ)). A trial "judge is necessarily allowed discretion in expressing himself while controlling the trial of a case. Reversal of a judgment should not be ordered unless there is a showing of impropriety, coupled with probable prejudice, and the rendition of an improper verdict." *Erskine v. Baker*, 22 S.W.3d 537, 540 (Tex. App.—El Paso 2000, pet. denied) (citing *Tex. Employers Ins. Ass'n v. Draper*, 658 S.W.2d 202, 209 (Tex. App.—Houston [1st Dist.] 1983, no writ)).

The Westons contend that the trial court acted in an unreasonable, prejudicial, and arbitrary manner against them by not granting their oral motions for a continuance, making comments to Allison's counsel, asking a witness questions, questioning Mr. Weston while he was not on the stand, and making hearsay

4

objections for defense counsel.  However, the Westons do not argue that they suffered probable prejudice by the trial court's conduct, nor do they cite any authority to support their argument.[3]  Furthermore, in context, the trial court's actions in this ongoing fence war between neighbors, while somewhat proactive at times, were clearly designed to foster efficiency and to avoid unnecessary delay.  And to the extent the Westons complain that the trial court was critical of them, we note that the trial court also criticized Allison and his counsel on several occasions, overruled several of Allison's objections, and denied Allison any recovery on his counterclaims.  Thus, in addition to failing to show probable prejudice, the Westons have not shown that the trial court acted prejudicially against them.  Therefore, the Westons have not shown that the trial court abused its discretion, and we overrule their first issue.  *See Pitt v. Bradford Farms*, 843 S.W.2d 705, 707 (Tex. App.—Corpus Christi 1992, no writ) (overruling complaint that trial court acted prejudicially against the appellant during her jury trial by interrupting her witnesses and counsel, prompting opposing counsel to make objections, and belittling her counsel in front of the jury).

## V.  Conclusion

Having overruled each of Appellants' two issues, we affirm the trial court's judgment.

---

[3] ... The Westons do cite *Beaumont Bank v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991) and *Heritage Res. v. Hill*, 104 S.W.3d 612, 618 (Tex. App.—El Paso 2003, no pet.) for the proposition that the appropriate standard of review is abuse of discretion, but neither case is legally or factually similar to the present case.

ANNE GARDNER
JUSTICE

PANEL:  LIVNGSTON, C.J.; GARDNER and MEIER, JJ.

DELIVERED:  August 5, 2010

6