COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                NO.  2-09-418-CV

 

 

RONALD WESTON                                                                          APPELLANTS

AND
SUK WESTON

 

                                                             V.

 

OWEN MARK ALLISON                                                                        APPELLEE

 

                                                       ------------

 

               FROM
THE 48TH DISTRICT COURT OF TARRANT COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------

I. 
Introduction








Appellants
Ronald Weston and Suk Weston appeal from the judgment entered against them,
following a bench trial, in their lawsuit against Appellee Owen Mark Allison
for adverse possession and private nuisance. 
In two issues, the Westons contend that the trial court abused its
discretion by denying their motions for continuance and by acting in an
unreasonable, prejudicial, and arbitrary manner against them.  We affirm.

II. 
Factual and Procedural Background

The
Westons sued Allison in April 2007 for adverse possession and private
nuisance.  The Westons alleged that they
had constructed a fence over a portion of Allison=s
property in 1984 and that condition on Allison=s
property was a private nuisance.  Allison
filed a counterclaim, seeking a permanent injunction against the Westons and
exemplary damages.  The Westons were
initially represented by counsel, but they terminated their attorney and
appeared at trial pro se.  Following a
bench trial, the trial court entered a judgment that the Westons and Allison
take nothing on their respective claims and that the Westons bear all costs of
court. 

III. 
Alleged Denial of Motions for Continuance

The
Westons contend in their second issue that the trial court abused its
discretion by failing to grant their motions for continuance because they had
subpoenaed three key witnesses who did not appear for trial.  Allison responds that the Westons never asked
or moved for a continuance.  








To
preserve a complaint for appellate review, a party must have presented to the
trial court a timely request, objection, or motion that states the specific
grounds for the desired ruling, if they are not apparent from the context of
the request, objection, or motion.  Tex.
R. App. P. 33.1(a).  If a party fails to
do this, error is not preserved, and the complaint is waived.  Bushell v. Dean, 803 S.W.2d 711, 712
(Tex. 1991) (op. on reh=g).  The objecting party must get a ruling from
the trial court.  Tex. R. App. P.
33.1(a)(2), (b).  This ruling can be
either express or implied.  Id.; Frazier
v. Yu, 987 S.W.2d 607, 610 (Tex. App.CFort
Worth 1999, pet. denied).  If the trial
court refuses to rule, an objection to the refusal to rule is sufficient to
preserve error.  Tex. R. App. P.
33.1(a)(2).

Here,
the Westons contend that they twice orally requested that the trial court
continue the trial to permit them to procure the attendance of three Akey@
witnesses.  But a motion for continuance
must be in writing.  See Green v. Tex.
Dep=t of
Prot. & Reg. Servs., 25 S.W.3d 213, 218 (Tex. App.CEl
Paso 2000, no pet.); Favaloro v. Comm=n
for Lawyer Discipline, 13 S.W.3d 831, 838 (Tex. App.CDallas
2000, no pet.); see also Tex. R. Civ. P. 251, 252.  An oral request for a continuance does not
preserve error.  Phifer v. Nacagdoches
Cty. Cent. Appr. Dist., 45 S.W.3d 159, 173 (Tex. App.CTyler
2000, pet. denied).  The Westons do not
contend that they filed written motions for a continuance, and the appellate
record does not contain any written motions for a continuance.  Therefore, the Westons have not preserved
their complaint for appellate review.[2]  See id.  We overrule the Westons=
second issue.

IV. 
Alleged Bias Against Appellants








The
Westons contend in their first issue that the trial court abused its discretion
by acting in an unreasonable, prejudicial, and arbitrary manner against them
during the bench trial.  

ATexas
courts have held that >the discretion vested in the
trial court over the conduct of a trial is great.=@ Dow
Chem. Co. v. Francis, 46 S.W.3d 237, 240 (Tex. 2001) (quoting Schroeder
v. Brandon, 141 Tex. 319, 325, 172 S.W.2d 488, 491 (1943)).  A[A]
trial court may properly intervene to maintain control in the courtroom, to
expedite the trial, and to prevent what it considers to be a waste of time.@  Id. at 240B41
(citing Hoggett v. Brown, 971 S.W.2d 472, 495 (Tex. App.CHouston
[14th Dist.] 1997, no pet.) and Great Global Assurance Co. v. Keltex Props.,
Inc., 904 S.W.2d 771, 777 (Tex. App.CCorpus
Christi 1995, no writ)).  A trial Ajudge
is necessarily allowed discretion in expressing himself while controlling the
trial of a case.  Reversal of a judgment
should not be ordered unless there is a showing of impropriety, coupled with
probable prejudice, and the rendition of an improper verdict.@  Erskine v. Baker, 22 S.W.3d 537, 540
(Tex. App.CEl
Paso 2000, pet. denied) (citing Tex. Employers Ins. Ass=n v.
Draper, 658 S.W.2d 202, 209 (Tex. App.CHouston
[1st Dist.] 1983, no writ)).








The
Westons contend that the trial court acted in an unreasonable, prejudicial, and
arbitrary manner against them by not granting their oral motions for a
continuance, making comments to Allison=s
counsel, asking a witness questions, questioning Mr. Weston while he was not on
the stand, and making hearsay objections for defense counsel.  However, the Westons do not argue that they
suffered probable prejudice by the trial court=s
conduct, nor do they cite any authority to support their argument.[3]  Furthermore, in context, the trial court=s
actions in this ongoing fence war between neighbors, while somewhat proactive
at times, were clearly designed to foster efficiency and to avoid unnecessary
delay.  And to the extent the Westons
complain that the trial court was critical of them, we note that the trial
court also criticized Allison and his counsel on several occasions, overruled
several of Allison=s objections, and denied
Allison any recovery on his counterclaims. 
Thus, in addition to failing to show probable prejudice, the Westons
have not shown that the trial court acted prejudicially against them.  Therefore, the Westons have not shown that
the trial court abused its discretion, and we overrule their first issue.  See Pitt v. Bradford Farms, 843 S.W.2d
705, 707 (Tex. App.CCorpus Christi 1992, no
writ) (overruling complaint that trial court acted prejudicially against the
appellant during her jury trial by interrupting her witnesses and counsel,
prompting opposing counsel to make objections, and belittling her counsel in
front of the jury).

V. 
Conclusion

Having
overruled each of Appellants= two
issues, we affirm the trial court=s
judgment.








 

 

ANNE GARDNER

JUSTICE

 

PANEL:  LIVNGSTON, C.J.; GARDNER and MEIER, JJ.

 

DELIVERED:  August 5, 2010











[1]See Tex. R. App. P.
47.4.





[2]Although they are
represented by counsel on appeal, we note that the Westons terminated their
attorney and chose to proceed pro se in the trial court.  Pro se litigants are held to the same
standards as licensed attorneys; they must comply with all applicable rules of
procedure.  Clemens v. Allen, 47
S.W.3d 26, 28 (Tex. App.CAmarillo 2000, no
pet.); Chandler v. Chandler, 991 S.W.2d 367, 378B79 (Tex. App.CEl Paso 1999, pet.
denied), cert. denied, 529 U.S. 1054 (2000).

 





[3]The Westons do cite Beaumont
Bank v. Buller, 806 S.W.2d 223, 226 (Tex. 1991) and Heritage Res. v.
Hill, 104 S.W.3d 612, 618 (Tex. App.CEl Paso 2003, no pet.) for the proposition
that the appropriate standard of review is abuse of discretion, but neither
case is legally or factually similar to the present case.