

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00581-CV

**IN THE INTEREST OF J.J.R. AND D.A.R.**, Children

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CI-09583
Honorable John D. Gabriel Jr., Judge Presiding

Opinion by:    Jason Pulliam, Justice

Sitting:       Patricia O. Alvarez, Justice
               Luz Elena D. Chapa, Justice
               Jason Pulliam, Justice

Delivered and Filed:  September 7, 2016

AFFIRMED

### INTRODUCTION

This appeal arises from Appellee Charles R.'s petition to modify the parent-child relationship.[1] After a three-day bench trial, the trial court granted Charles R.'s request to modify a divorce decree to be designated the person having the exclusive right to designate his children's primary residence. Appellant, Angelica F. contends the trial court abused its discretion by (1) allowing the social study evaluator to offer a recommendation or testify regarding her opinion as to the right to designate the primary residence of the children; and (2) by conducting the trial through three hearings spread over the course of four months. We affirm the trial court's order.

---

[1] To protect the identity of minor children, we refer to the children by their initials and to the parents by their first names. *See* TEX. FAM. CODE ANN. § 109.002(d) (West 2014).

## BACKGROUND

In a 2009 divorce decree, Angelica F. and Charles R. were appointed joint managing conservators of the couple's two children, J.J.R. and D.A.R. Angelica F. was appointed the exclusive right to designate the primary residence of the children without regard to geographic location. Charles R. was provided a Standard Possession Order. Subsequent to the divorce, both parties remarried.

On January 29, 2014, following Angelica F.'s indication she intended to move to Belton, Texas, due to her husband's military re-location, Charles R. filed a petition to modify the parent-child relationship requesting that a geographic restriction of one-hundred miles from Charles R. be placed on Angelica F. (or a restriction to Bexar County), and if Angelica F. moved from her current location she be ordered to pay for one-half of the travel expenses of visitation. Charles R. also requested that Angelica F. be ordered to not allow the children to live with anyone who is not related to them by blood or marriage and requested he be appointed the exclusive right to designate the primary residence of the children.

Following a temporary orders hearing on February 11, 2014, the trial court denied Charles R.'s request to impose a geographic restriction. The trial court also ordered Ms. Carol Anne Waters prepare a social study of the circumstances and condition of the children and the homes of Angelica F. and Charles R. and to prepare a report providing a recommendation on which party should be awarded the right to designate the children's primary residence. Thereafter, Angelica F. moved to Belton, Texas, with the children.

Ms. Waters conducted the court-ordered Social Study Report (the Report), which included the required recommendation, and she filed it in the trial court record on August 11, 2014. Based on the information reviewed and provided by the parties, collaterals, references, and children, Ms.

Waters recommended that Charles R. have the exclusive right to determine the children's residence.

A bench trial on the merits began on February 19, 2015, and was reconvened on June 4, 2015, and June 12, 2015. Following trial, the trial court entered a final order awarding Charles R. the exclusive right to designate the primary residence of the children within Bexar County or the contiguous counties. Angelica F. was given a Standard Possession Order. Angelica F. appeals the trial court's final order.

## ANALYSIS

In her first issue on appeal, Angelica F. asserts the trial court abused its discretion by allowing Ms. Waters to present recommendations regarding conservatorship or possession and access or by otherwise admitting the Report into evidence because it failed to satisfy the statutory requirements of such reports as mandated by Chapter 107 of the Texas Family Code. Specifically, Angelica F. contends the Report fails to meet basic statutory requirements, fails to include additional customary elements, and fails to include discussion of the factors enumerated in *Holley v. Adams*, 544 S.W.2d 367, 372 (Tex. 1976) to determine the best interest of the children. In addition, Angelica F. asserts the Report fails to make use of evidenced-based practice methods and current best evidence in making assessments and recommendation and lacks objective information regarding parental abilities of the parties. For these reasons, Angelica F. contends Chapter 107 of the Family Code mandates that Ms. Waters not be allowed to testify or otherwise provide any recommendation.

### *Standard of Review*

The trial court's rulings regarding the admission of evidence are reviewed for an abuse of discretion. *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998); *In re D.P.*, 04-02-00088-CV, 2002 WL 31465817, at *1 (Tex. App.—San Antonio Nov. 6, 2002, no pet.). A

trial court abuses its discretion when it acts in an arbitrary or unreasonable manner or if it acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). Errors that involve the admission or exclusion of evidence are generally not reversible, unless the entire record shows the evidence was controlling on a material issue dispositive of the case. *PNP Petroleum I, LP v. Taylor*, 438 S.W.3d 723, 732 (Tex. App.—San Antonio 2014, pet. denied). In other words, the evidence must be of such probative force that its admission or exclusion likely caused a different verdict than what would have been rendered. *Downer*, 701 S.W.2d at 242; *Hundere v. Tracy & Cook*, 494 S.W.2d 257, 261–62 (Tex. Civ. App.—San Antonio 1973, writ ref'd n.r.e.).

### *Applicable Law*

Texas Family Code Section 107.051 gives the trial court discretion to order the preparation of a social study "into the circumstances and condition of the child and of ... the home of any person requesting managing conservatorship [or] possession of [the] child." TEX. FAM. CODE ANN. § 107.051 (West 2014); *In re C.L.C.*, 04-11-00920-CV, 2013 WL 1149270, at *4 (Tex. App.—San Antonio Mar. 20, 2013, no pet.). The social study is designed to objectively "compare the circumstances and conditions of all individuals seeking managing conservatorship or possession of a child, and to make recommendations to the court regarding the best interest of the child." *Chacon v. Chacon*, 978 S.W.2d 633, 637–38 (Tex. App.—El Paso 1998, no pet.); *In re C.L.C.*, 2013 WL 1149270, at *4.

If the court orders the preparation of a social study, the social study evaluator must submit a report detailing her findings and conclusions and it shall be made part of the court record. TEX. FAM. CODE ANN. § 107.054 (West 2014). At a minimum, this report should contain the following basic elements:

(1) a personal interview of each party to the suit; (2) an interview ... of each child at issue ...; (3) observation of each child ...; (4) the obtaining of information from relevant collateral sources; (5) evaluation of the home environment of each party seeking conservatorship of a child[,] ... unless the condition of the home environment is identified as not being in dispute in the court order requiring the social study; (6) for each individual residing in a residence subject to the social study, consideration of any criminal history information and any contact with the Department of Family and Protective Services or a law enforcement agency regarding abuse or neglect; and (7) assessment of the relationship between each child at issue in the suit and each party seeking possession of or access to the child.

*Id.* § 107.0514(a) (West 2014).  The evaluator "may not offer an opinion regarding conservatorship of a child at issue in a suit or possession of or access to the child unless each basic element of the social study under Subsection (a) has been completed."  *Id.* § 107.0514(c); *see also In re C.L.C.*, 2013 WL 1149270, at *4.

To preserve a complaint regarding admission of evidence for appellate review, a party must present to the trial court a timely request, objection or motion, state the specific grounds therefor, and obtain a ruling.  TEX. R. APP. P. 33.1(a).  The party must state an objection clearly and with sufficient specificity to make the trial court aware of the particular grounds of complaint.  *Id*.; *McKinney v. Nat'l Union Fire Ins. Co.*, 772 S.W.2d 72, 74 (Tex. 1989).  A specific objection is one that enables the trial court to understand the precise grounds so as to make an informed ruling and affords the offering party an opportunity to remedy the defect, if possible.  *McKinney*, 772 S.W.2d at 74; *In re N.C.M.*, 66 S.W.3d 417, 420 (Tex. App.—Tyler 2001, no pet.).

### *Application*

While Angelica F. contends the trial court abused its discretion by allowing Ms. Waters to testify, given that her report did not satisfy the statutory requirements, the record reveals Angelica F. did not object to Ms. Waters's testimony nor did she ever object to any deficiencies or omissions in the Report that would preclude Ms. Waters from making a recommendation regarding conservatorship or from testifying in this regard.  The record reveals Ms. Waters filed the Report,

which included her recommendations, on August 11, 2014, six months before trial began on February 19, 2015. At no time did Angelica F. object to the report or request that omissions be corrected or that Ms. Waters be precluded from testifying or providing recommendations. When Ms. Waters testified at trial, Angelica F. did not object to her being allowed to testify, to the discussion of the Report during Ms. Waters's testimony, nor did Angelica F. present any objection to the Report. Thus, the record reveals Angelica F. did not present any objection to any statutory deficiencies in the report that would preclude Ms. Waters's testimony or that would preclude any recommendation "regarding conservatorship".

For this reason, Angelica F. failed to preserve any complaint for review on appeal pertaining to the failure of the Report to satisfy the statutory requirements as outlined in Sections 107.0513 or 107.0514 of the Texas Family Code. Angelica F.'s first issue is overruled.

In her second issue on appeal, Angelica F. contends the trial court erred by scheduling the trial in three separate hearings over the course of four months, and this management of the docket probably caused the rendition of an improper judgment.

Angelica F. did not object during any proceeding regarding the scheduling of trial hearings. At the conclusion of the first day on February 19, 2015, the trial court consulted with the parties and their attorneys and Ms. Waters regarding a convenient date to reconvene and reset the matter for March 20, 2015. Thereafter, Angelica F. filed a motion for continuance and entered numerous Rule 11 Agreements pertaining to the extension of discovery and the final trial setting. Angelica F. expressed no objection to the continued extensions. At the conclusion of the hearing on June 4, 2015, Angelica F. and her attorney agreed to reconvene on June 12th with no objection.

For this reason, Angelica F. failed to preserve for review on appeal any complaint pertaining to the trial court's scheduling of trial in three separate hearings over the course of four

months or pertaining to the trial court's management of the docket.  Angelica F.'s second issue is overruled.

Jason Pulliam, Justice